## NELLIE D. HAMILTON *vs.* GEORGE LANE.

Essex.   Nov. 5, 1884. — Jan. 9, 1885.   Field & C. Allen, JJ., absent.

Whether a piano is an article necessary for the personal use of a wife, within the
   St. of 1879, c. 133, so as to be the subject of a valid gift to her from her hus-
   band, is a question of fact for the jury, having regard to the circumstances in
   life of the parties ; and the mere fact that the husband, at the time of the gift,
   kept a saloon and a lodging-house for fishermen does not show, as matter of
   law, that it is not such an article.

Tort for the conversion of a piano.   The defendant, a deputy sheriff, justified under a writ against George S. Hamilton, the husband of the plaintiff, by virtue of which he attached the piano as the property of said Hamilton.   Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff claimed the piano as a gift from her husband, made to her in 1881.   The evidence showed that the plaintiff's husband was then the keeper of a saloon and a lodging and boarding house for fishermen in Gloucester.   But this was not

all the evidence relating to her circumstances or condition in life.

The defendant requested the judge to rule, as matter of law, that a piano does not come within the St. of 1879, *c.* 133, § 1, so as to be the subject of a gift from a husband to his wife, since it is neither wearing apparel, nor an article of personal ornament, nor an article necessary for her personal use, within the meaning of the statute ; and that, as there was therefore no valid gift of the piano to the plaintiff by her husband, it was subject to attachment as his property by his creditors, and she could not recover.

But the judge declined so to rule ; and instructed the jury that " it could not be said, as matter of law, that a piano cannot come within the class of articles necessary for the personal use of a married woman, so as to be the subject of a valid gift from her husband under the statute, and that it was not a question of law, but one of fact for the jury, whether the piano in suit was reasonably necessary, suited, and proper for the plaintiff's use, taking into consideration her circumstances in life."

The jury returned a verdict for the plaintiff , and the defendant alleged exceptions.

*C. A. Russell*, for the defendant.

*H. N. Woods*, for the plaintiff.

DEVENS, J. Questions as to the meaning of the word "necessaries " have often arisen in actions brought against infants for goods alleged to have been furnished to them, or against husbands for goods furnished to their wives. It has always been held that those articles were to be considered necessary which were suitable to the degree and condition of life of the person to whom they were furnished, having regard to the estate of the infant or the husband; and that it was not to be confined to those which were required to sustain life or to preserve decency. While in certain cases it would be the duty of the court to direct the jury authoritatively that the articles furnished could not be necessaries, in others it would be for the jury to say whether they were such as could come within that class, and also to determine whether in amount, quality, quantity, and value they were suitable and proper in the particular case. *Raynes* v. *Bennett*, 114 Mass. 424, and cases cited. While it

has been held that articles wholly ornamental, bought by the wife for her personal use, were not necessaries, yet in *Raynes* v. *Bennett, ubi supra*, the court declined to rule, as matter of law, that two gold chains, a gold watch, and a gold locket were not so, and submitted the question to the jury.

The St. of 1879, *c.* 133, enacts that " the wearing apparel and articles of personal ornament of a married woman and articles necessary for her personal use, acquired by gift from her husband, not exceeding two thousand dollars in value, shall be and remain her sole and separate property." It contains also a provision that this shall not " make valid any gift or transfer by a husband in fraud of his creditors." As articles of personal ornament merely are expressly named as proper subjects of gifts, the words " articles necessary for her personal use " must be construed in connection with them, and with the well-known meaning which, in similar cases, has been given to the word " necessaries." They must include articles, the use of which is attended with pleasure and enjoyment, as books, music, or a musical instrument, or which might be used as a means of education, or perhaps of obtaining a livelihood, as well as those which minister only to strictly physical comfort. The limit in amount which the statute has fixed to such gifts, and the provision that they shall not be made in fraud of creditors, indicate also that, within that limit, and subject to that provision, the words defining them are to receive a liberal construction. The evidence relating to the condition and circumstances in life of the plaintiff is not fully disclosed by the exceptions in the case. The request was for a ruling that a piano could not, under the statute, be the subject of a gift from husband to wife. This was properly refused; and the instruction given was all that the case, as disclosed to us, required.　　　　　*Exceptions overruled.*