## ROSENFELD v. PECK.

(Supreme Court, Appellate Division, First Department. · March 22, 1912.) ·

1. **HUSBAND AND WIFE (§ 19\*)—NECESSARIES—DEFENSE.**

In an action against a husband for · goods sold his wife appropriate to her station in life, it is a good defense· for the husband to show that she was amply supplied with articles of the same character or was furnished with sufficient money to pay cash therefor.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. § 19.\*]

2. **HUSBAND AND WIFE (§ 235\*)—NECESSARIES—ACTIONS—JURY QUESTION.**

In an action for goods sold defendant's wife, the question whether they were necessaries or not *held* for the jury.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 849–852, 982; Dec. Dig. § 235.\*]

3. **HUSBAND AND WIFE (§ 235\*)—ACTIONS—NECESSARIES—CREDIT.**

In an action against a husband for goods sold his wife, *held*, a question for the jury whether the goods were sold on the husband's credit.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 849–852, 982; Dec. Dig. § 235.\*]

4. **HUSBAND AND WIFE (§ 19\*)—AGENCY OF WIFE—CREDIT.**

A merchant, who has sold goods to a wife on the credit of her husband, is justified in continuing to do so until the husband gives notice prohibiting him from longer extending credit to her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. § 19.\*]

5. **HUSBAND AND WIFE (§ 232\*)—AGENCY OF WIFE—CREDIT—ACTION.**

In an action for goods sold a wife on the credit of her husband, evidence that the husband had, subsequent to the sale, inserted an item in a newspaper stating that he would no longer be responsible for his wife's bills, is inadmissible to show that the merchant was not justified in making the sale.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 844–848, 981; Dec. Dig. § 232.\*]

Ingraham, P. J., and Laughlin, J., dissenting.

Action by Solomon Rosenfeld against Samuel W. Peck. There was a judgment for defendant on motion for a new trial upon exceptions heard in the first instance of the Appellate Division. Exceptions sustained, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Max D. Steuer, ·for plaintiff.
Sol. Kohn, for defendant.

SCOTT; J. This is an action by a tradesman to recover for goods sold to defendant's wife. At the close of the whole case the complaint was dismissed. The exceptions raise the question whether the case should not have been· submitted to the jury. At the time of the purchase the defendant and his wife were living together in the city of New York. The defendant was a man of means, enjoying a large income, and had been in the habit of making his wife a liberal allowance for her personal uses, and occasionally supplementing the usual allowance by giving her other sums of considerable size.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

The articles of clothing for which suit is brought were of the same general character as those which the wife, presumably with her husband's knowledge, had been in the habit of buying and wearing. They certainly were not necessaries, strictly speaking; but we think that a question of fact was presented as to whether or not they were necessaries in the sense that they were articles of dress suitable to the wife's station in life, her husband's means, and their standards of living which defendant himself had adopted and approved.

[1] The evidence presented on behalf of plaintiff would have justified a finding that the goods were of a kind which had theretofore been used by the wife, and were appropriate to the station in life and the wonted style of living of defendant and his wife. It was then open to the husband to show, if he could, that the wife was amply supplied with articles of the same character as those purchased, or that she had been furnished with sufficient money to pay cash therefor. Wanamaker v. Weaver, 176 N. Y. 78–82, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. This, however, is a matter of defense.

[2] In our opinion it was for the jury to say whether or not the articles furnished were "necessaries" in the sense in which that word is used in a case like the present, and, if so, whether or not the husband had succeeded in showing the facts relied upon in defense. It was error to decide either of these questions as matter of law.

[3, 4] Another question in the case is whether or not the goods were sold on the faith of the husband's credit or on that of his wife, and here again, as we consider, the question was one of fact for the jury. While the bill was made out to the wife, the plaintiff testified in effect that he trusted her upon the faith of the defendant's credit, and, while plaintiff himself had not previously sold to the wife on credit, it appeared that he had formerly been connected with an establishment from whom the wife had been in the habit of purchasing similar articles on credit, and whose bills had been paid.

"If a wife is going to a merchant to trade with whom she is acquainted and with whom she had been accustomed to trade upon the credit of her husband, she may still continue to do so until the husband gives notice prohibiting the merchant from longer giving credit to her." Wanamaker v. Weaver, supra.

We consider that under the circumstances a jury might find that the husband had impliedly authorized his wife to purchase, on credit, goods of the character that she had been in the habit of buying.

[5] The proof that, long after the purchases in question, the husband had inserted in a Paris newspaper a notice that he would no longer be responsible for his wife's bills, was properly rejected, and the plaintiff can take nothing by his exceptions thereto.

We think, however, that the exceptions must be sustained, and a new trial ordered, with costs to plaintiff to abide the event for the error of the court in refusing to submit to the jury the questions of fact above indicated.

CLARKE and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). I think this judgment should be affirmed. The complaint alleges that between the 10th of April, 1907,

and the 22d of May, 1907, the plaintiff rendered services to the defendant at his request in making up one brown leather coat, one blue and white suit, one blue taffeta suit, one pique suit, and one white serge suit, and that the plaintiff then and there furnished the material necessary to the said work and incident thereto upon like request. There is no allegation in the complaint that the goods furnished were clothing for the defendant's wife or were necessaries furnished to the wife; the cause of action being solely based upon the allegation that the goods in question were furnished to the defendant at his request and for which he either expressly or impliedly promised to pay. Plaintiff proved that he furnished these goods to the defendant's wife, who was at that time living with him in the city of New York. The evidence shows conclusively that the goods sold and delivered were charged to the wife, and it was the wife, and not the defendant, to whom the plaintiff looked for payment. There is no evidence that the defendant ever knew that his wife had purchased goods of the plaintiff, that he ever recognized her authority to make such purchases by paying her bills on former purchases; but the evidence is undisputed that the defendant had furnished his wife with ample means to provide her with clothing and other necessaries. If any assumption can be indulged in, it must be that the wife had paid for goods when formerly purchased by her from the moneys supplied by the defendant for that. purpose. · There is absolutely no evidence to justify a finding that the wife assumed to act as her husband's agent in the purchase of these goods, or that the plaintiff relied upon the husband's credit in furnishing the goods to the defendant's wife.

I understand that it is now settled in this state that the mere fact that a man and his wife are living together is not sufficient to justify a finding that the wife was authorized to purchase goods as the husband's agent, and that, in the absence of some evidence that the goods were purchased by her with the authority of the husband, or of some knowledge by the husband of the purchase, or some act of the husband from which authority to make such purchases for him can be implied, the husband is not liable upon the theory of agency. Undoubtedly, such agency could be presumed from the fact that the wife had purchased on the husband's account from a tradesman and the husband had ratified the purchase by paying the bills, or by other acts from which a tradesman could imply such authority; but the mere fact of the existence of the relation is not sufficient to justify a finding of agency. In this case we have no evidence that the husband ever paid for articles of clothing purchased by his wife from either the plaintiff or his predecessor in business, nor is any other fact proved which would justify a finding that the defendant had knowledge that his wife had made these purchases of the plaintiff or his predecessor in business, or in any way gave to his wife express or implied authority to make purchases of clothing for his account. I do not think that the question whether these dresses were necessaries is at all involved in this case, as there is no allegation in the complaint that they were necessaries, nor does the evidence show that they were. On the contrary, the undisputed evidence is that the defendant had supplied his wife

with ample means to purchase the necessary clothing; that she had on hand at the time of the purchase clothing which was amply sufficient for her purposes; and there was absolutely no evidence to justify the jury in finding that the husband was liable to the plaintiff for the goods purchased by his wife.

I think, therefore, the court was justified in directing a verdict for the defendant, and that the judgment should be affirmed.

LAUGHLIN, J., concurs.