(155 App. Div. 523.)

### WICKSTROM v. PECK.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

1. HUSBAND AND WIFE (§ 229*)—NECESSARIES FURNISHED WIFE—COMPLAINT.
   A complaint alleging that plaintiff furnished defendant's wife, at her request, necessaries for her use, "to wit, gowns and wraps" of a value specified, stated a cause of action, though all the articles mentioned in the complaint, as subsequently amplified by a bill of particulars, were not, strictly speaking, necessaries; that they were not necessaries being a matter of defense.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 816–834, 841–843; Dec. Dig. § 229.*]

2. HUSBAND AND WIFE (§ 19*)—LIABILITY FOR NECESSARIES.
   A husband may be liable for necessaries sold to his wife, unless he has supplied her with the articles bought or with money to pay for them, or has given notice that, if the purchases were made, they were on her credit, and not his.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*]

Appeal from Trial Term, New York County.

Action by Augusta Wickstrom against Samuel W. Peck. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

See, also, 131 App. Div. 894, 115 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arthur F. Gotthold, of New York City, for appellant.
Sol. Kohn, of New York City, for respondent.

McLAUGHLIN, J. Action to recover a balance alleged to be due for goods sold and delivered to the defendant's wife. At the opening of the trial the defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The motion was granted, and plaintiff appeals.

[1] As to the sale and delivery of the goods the complaint alleged "that between the 1st day of October, 1901, and 30th day of June, 1907, at the city of New York, the plaintiff furnished to Josephine W. Peck, then the wife of the defendant, at the special instance and request of said Josephine W. Peck, necessaries for her use, to wit, gowns and wraps of the value of fifteen thousand sixty-three and $^{13}/_{100}$ ($15,-063.13) dollars;" that the same had not been paid, nor any part thereof, except the sum of $8,504, leaving a balance due the plaintiff of $6,559.13, for which sum judgment was demanded.

After issue was joined plaintiff served a bill of particulars, and it may be, as contended by the respondent, that all of the articles which were sold and delivered were not, strictly speaking, necessaries. However, that cannot be determined from the complaint, amplified as it is by the bill of particulars. The allegations of the complaint are such that evidence may be introduced for the purpose of enabling the jury to determine whether or not they were necessaries in the sense that they were articles of dress suitable to the wife's station in life and the husband's ability to pay therefor. Rosenfeld v. Peck, 149 App. Div. 663, 134 N. Y. Supp. 392.

[2] If evidence be introduced showing that they were necessaries, then defendant is liable to pay for them (De Brauwere v. De Brauwere, 203 N. Y. 460, 96 N. E. 722, 38 L. R. A. [N. S.] 508), unless he can show that the wife was supplied with articles of the same character as those purchased, or that he had given her sufficient money to pay cash for them, or notice if the purchases were made they were on her credit, and not his. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. But this, as stated in the Wanamaker and Rosenfeld Cases, supra, is a matter of defense.

I am of the opinion the complaint states a cause of action, and for that reason the judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide event. All concur.