WICKSTROM v. PECK. (No. 6010.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

1. HUSBAND AND WIFE (§ 235*)—ACTIONS—QUESTION FOR JURY.

In an action against a husband for the price of dresses supplied to his wife, evidence that the account was kept in the wife's name and bills sent to her, and that such payments as were made were made by her, did not show as a matter of law that the credit was given exclusively to the wife, and this question should have been submitted to the jury.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 849–852, 982; Dec. Dig. § 235.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to·date, & Rep'r Indexes

2. HUSBAND AND WIFE (§ 19*)—LIABILITY OF HUSBAND FOR "NECESSARIES."

The word "necessaries," within the rule as to a husband's liability for goods purchased by his wife, is an elastic term not confined to clothing and food, and what constitutes necessaries depends in a large measure upon the scale and style of living adopted by the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. § 19.*

For other definitions, see Words and Phrases, vol. 5, pp. 4693–4703.]

3. HUSBAND AND WIFE (§ 235*)—ACTIONS—QUESTIONS FOR JURY.

Where a husband had an annual income of about $40,000 and expended from $25,000 to $30,000 for the living expenses of himself and wife, had horses, carriages, and automobiles, resided in fashionable and expensive hotels in New York City, and made trips to Europe and to various watering places, it was a question for the jury whether gowns and wraps of the value of over $15,000 sold the wife within six years were necessaries for which the husband was liable.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 849–852, 982; Dec. Dig. § 235.*]

4. HUSBAND AND WIFE (§ 19*)—LIABILITY OF HUSBAND FOR NECESSARIES.

A husband is liable for the price of necessaries furnished his wife, no matter to whom the credit was originally extended.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. § 19.*]

5. HUSBAND AND WIFE (§ 19*)—ACTIONS FOR NECESSARIES—BURDEN OF PROOF.

That a husband, sued for the price of goods sold to his wife and claimed to be necessaries, had furnished her with articles of the same character as those furnished, or supplied her with sufficient means to meet her necessities, were matters of defense.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. § 19.*]

Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Augusta Wickstrom against Samuel W. Peck. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

See, also, 155 App. Div. 523, 140 N. Y. Supp. 570.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Daniel P. Hays, of New York City, for appellant.

Sol. Kohn, of New York City, for respondent.

SCOTT, J. This is an action by a tradeswoman against a husband for dresses supplied to defendant's wife, and which in the complaint are alleged to have been necessaries.

[1, 2] The complaint was dismissed upon the ground that it appeared that plaintiff had given credit exclusively to the wife. The evidence upon which the ruling was made was to the effect that the plaintiff had kept the account in the name of defendant's wife, had sent bills to her, and such payments as had been made had been by the wife. We do not think that upon this evidence the court should have held, as matter of law, that the credit was given exclusively to

the wife. Whether it was or not was a question of fact which should have been submitted to the jury. Wanamaker v. Weaver, 176 N. Y. 78, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Rosenfeld v. Peck, 149 App. Div. 663, 134 N. Y. Supp. 1144. Evidence was offered and excluded which might have had a bearing on the question. We also think that there was a question for the jury as to whether or not the articles furnished were not in a legal sense necessaries. The question as to what are and what are not "necessaries," in a case of this kind, depends in large measure upon the scale and style of living adopted by the husband. The word "necessaries" is an elastic term not confined to clothing to cover the body and to food to sustain it. Wilder v. Brokaw, 141 App. Div. 811, 126 N. Y. Supp. 932.

· "It has always been held that those articles were to be considered necessary which were suitable to the degree and condition of life of the person to whom they were furnished, having regard to the estate of the infant or the husband; and that it was not to be confined to those which are required to sustain life or to preserve decency." Hamilton v. Lane, 138 Mass. 358.

"The obligation of the husband to provide his wife and children with the necessaries of life suitable to their condition is to be measured with reference to his pecuniary ability, honestly exercised, or his pecuniary resources; that is to say, those things might probably be deemed necessaries in the family of a man of generous income or ample fortune which would not be required in the family of a man whose earnings were small and who had saved nothing. The husband is bound to provide for his wife and children 'whatever is necessary for their suitable clothing and maintenance, according to his and their situation and condition in life.' " De Brauwere v. De Brauwere, 203 N. Y. 460–464, 96 N. E. 722, 38 L. R. A. (N. S.) 508, citing Keller v. Phillips, 39 N. Y. 351–354.

[3, 4] The defendant's own evidence in the principal case showed that during the time that he and his wife lived together, and during the years covered by plaintiff's claim, he had had an annual income of about $40,000 and had expended for the living expenses of himself and wife (they had no children) from $25,000 to $30,000 a year; that they had horses and carriages and automobiles, had resided in fashionable and expensive hotels in the city of New York, and had made trips to Europe and to various watering places in this country. Under these circumstances, although the debts incurred by plaintiff for clothing might seem large to men of moderate means, it does not follow that a jury might not find that the clothes purchased were no more numerous or expensive than were suitable according to the situation in life of defendant and his wife as established by him. If so, they were necessaries within the legal acceptation of that term, and the husband was liable to whomsoever furnished them to the wife, no matter to whom the credit was originally extended. De Brauwere v. De Brauwere, supra.

[5] The husband did not avail himself of the opportunity to show (if he could) that his wife had already been furnished by him with articles of the same character as those furnished, or that he had supplied her with sufficient means to meet her necessities. These were matters of defense. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Wickstrom v. Peck, 155 App. Div. 523, 140 N. Y. Supp. 570.

The judgment appealed from must be reversed, and a new trial granted with costs to appellant to abide the event.

McLAUGHLIN, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). The complaint in this action alleges that between the 1st day of October, 1901, and the 30th day of June, 1907, at the city of New York, the plaintiff furnished to Josephine W. Peck, then the wife of the defendant, at the special instance and request of the said Josephine W. Peck, necessaries for her use, to wit, gowns and wraps of the value of $15,063.13. There is no allegation that the defendant's wife in purchasing these articles acted as his agent or was authorized by him to incur any obligation on his account. Nor is it alleged that he in any way ratified the action of his wife in making these purchases. The articles sold to the defendant's wife were all gowns and wraps. The evidence shows that these were charged to the wife, and there is no evidence to show that they were sold upon the credit of the husband. The sole question presented, therefore, was whether the husband was liable for these $15,-000 worth of gowns and wraps sold to his wife in the course of less than six years as necessaries.

None of the articles sold were of the kind used in the household of the defendant, such as food, or linen, or other articles which the master of a house supplies for the use of his household. The character of the articles appears, from the bill of particulars furnished by the plaintiff, to have been articles of dress and rather for personal adornment than for necessary clothing. The plaintiff offered no evidence to show that the defendant's wife was not plentifully supplied with articles of this class by her husband, that he had ever refused to furnish her sufficient money to properly clothe herself, or that there was the slightest necessity for defendant's wife to purchase these articles as necessaries upon the credit of the defendant. The question therefore is whether upon this proof the jury were justified in rendering a verdict in favor of the plaintiff and against the husband.

The question of the liability of the husband for articles of this kind furnished by a tradesman to a married woman was discussed in Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. The court cited, among other cases, Bloomingdale v. Brinckerhoff, 2 Misc. Rep. 49, 20 N. Y. Supp. 858, in which it was held that, in order to entitle the tradesman to recover from the husband, it was incumbent upon him to show that:

"The articles supplied to the wife were not only of the kind usually denominated necessaries, because their need is common to all persons, but that in consequence of the inadequacy of the husband's provision they were actually required for the wife's proper support, commensurate with his means, her wonted living as his spouse, and her station in the community."

The court also cited Debenham v. Mellen, L. R. 5 Q. B. Div. 394, in which Bramwell, L. J., said:

"The goods were necessaries in the sense that they consisted of articles of dress suitable to the wife's station in life; but they were not necessaries in

the sense that she stood in need of them, for she had either a sufficient means from her husband or otherwise to acquire them without running him into debt for them."

He then proceeded to state the cases in which the husband would be liable. As, for instance, where he turns his wife out of doors, or conducts himself in such manner as to oblige her to leave him, she may provide herself at his expense and pledge his credit for necessaries, such as food, apparel, lodging, and medicine. In case they are living and cohabiting together, and there has been a custom of contracting short credit as to a class of articles such as grocery and meat bills, her authority to order the same may be inferred, not for the reason that it springs out of the contract of marriage, but because of her existing relation as the head of his household; that the same authority would be inferred in favor of a sister, or a housekeeper or other person who presided over the management of his house. The court concluded by holding that the husband was not liable. In the same case on appeal to the House of Lords (L. R. 6 App. Cas. 24), the judgment of the Lord Chancellor said, that when the husband and wife are living together, and when the wife is properly maintained:

"There is, in that state of circumstances, no prima facie evidence that the husband is neglecting to discharge his necessary duty, or that there is any necessary occasion for the wife to run him into debt, for the purpose of keeping herself alive, or supplying herself with lodging or clothing."

The Lord Chancellor then proceeds to consider the facts in the case, and concludes by holding the husband not liable, stating that:

"It was argued that because these articles were found to be in some sense necessaries in their nature the husband ought therefore to be bound. But, even if the husband and wife had been living apart, the husband would not be bound by reason of such things being necessaries if he made a reasonable allowance to his wife and duly paid it; much less can he be bound in a case like this, where they were not living apart and when he made her an allowance sufficient to cover all proper expenditure for her own and her children's clothing."

In the subsequent case (Morel Bros. & Co., Ltd., v. Earl of Westmoreland, L. R. 1 K. B. 1903, 64), it was held that the presumption which arises that the husband has given the wife authority to pledge his credit for necessaries may be rebutted by proof of an arrangement under which a substantial allowance has been made by the husband to the wife for household expenses. The cases before referred to are apparently all cited with approval, and then the court states the rule in this state as follows:

"It compels the husband to pay in a proper case, and at the same time affords him some financial protection against the seductive wiles exerted by tradesmen to induce extravagant wives to purchase that which they really do not need. * * * But when she goes to a stranger, with whom she has never traded before, and where consequently there is no implied authority on the part of the husband to give her credit, and seeks to purchase upon her husband's credit, it is but reasonable and proper that she disclose to the merchant her authority therefor, or for the merchant to require such disclosure."

This case does not expressly decide upon whom is the burden of proof to show that the articles supplied to a wife are necessaries with-

in the legal acceptance of that term, i. e., articles required by the wife for her proper support and maintenance; but as I read Bloomingdale v. Brinckerhoff, and Debenham v. Mellen, supra, which were certainly cited by the Court of Appeals as the basis upon which they decided Wanamaker v. Weaver, supra, they distinctly held that the purchase by a wife of articles of clothing would not be considered necessaries for which the husband was liable, in the absence of any authority express or implied by the husband to make the purchases, unless the tradesman established the fact that the husband had neglected to provide for his wife proper clothing, according to her station in life, and· was thus justified in furnishing the wife with such articles when necessary for her proper support. I suppose it would not be claimed that the plaintiff would have been authorized to supply over $15,000 worth of gowns and wraps in less than six years to defendant's wife in the face of notice from the husband that he would not be responsible for her debts. Yet in this case the husband is not sought to be charged as having either expressly or impliedly authorized his wife to make the purchases on his credit, nor apparently did the tradesman rely upon either such express or implied authority. The complaint puts the cause of action squarely upon the ground that the plaintiff had furnished to the wife of the defendant, at her own special instance and request and without any express or implied authority or on the credit of the husband, the gowns and wraps. As I understand it, to hold the husband liable, the party supplying the articles to the wife must prove that they were necessary for her proper support and maintenance. To establish that fact it is necessary for the tradesman to prove either that the husband had failed to furnish his wife with sufficient clothing or other articles, according to his means and their station in life, or had refused to allow her enough money to supply them for herself. The plaintiff having failed to prove these facts, and there being nothing in this record to justify a jury in finding that the husband had failed to furnish his wife with such articles or to allow her enough money to supply them for herself, I think the court below was right in dismissing the complaint.

I therefore dissent from the reversal of this judgment.