JULIUS FRANK et al., Respondents, *v.* THEODORE CARTER, Appellant.

**Husband and wife — liability of husband for necessaries furnished to purported wife although marriage was bigamous.**

This action was brought to recover the purchase price of goods claimed to have been purchased on the credit of the defendant by his alleged wife. In form defendant was married to the woman who purchased the goods and for several years had lived with her and held her out as his wife. He learned that at the time of the purported marriage she had another husband living, and was proceeding to institute a prosecution against her for bigamy when she fled from the country after purchasing the goods in question. *Held,* that the liability of the defendant was not affected by the fact that his purported marriage with the woman was void. (*Wanamaker* v. *Weaver,* 176 N. Y. 75, followed.)

*Frank* v. *Carter,* 164 App. Div. 913, modified.

(Submitted June 16, 1916; decided July 11, 1916.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 23, 1914, which affirmed a judgment of the St. Lawrence County Court affirming

a judgment in favor of plaintiffs entered upon a decision of a Justice's Court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harmon J. Donavin* for appellant. The marital relation alone is not sufficient to establish an agency. There is not a particle of evidence in this case to show that Carter ever authorized Franks or McGruer to sell his wife on his credit or that he had ever paid any bills that she had charged there, nor is there any evidence in this case to show that Carter had ever paid anybody for anything that the woman bought during the three years they lived together, or did he ever authorize any one to extend her credit on his account. (*Wanamaker* v. *Weaver,* 176 N. Y. 75.)

*John C. Tulloch* for respondents. The appellant must either pay for the goods purchased from the respondents and from Duncan McGruer, respondents' assignor, or the respondents must lose the amount of their claim, and the appellant having accredited Mary Howard Carter to the respondents and Duncan McGruer as his agent, the loss, if any, should fall on him. (*Walsh* v. *Hartford F. Ins. Co.,* 73 N. Y. 10; *Bank of Monongahela Valley* v. *Weston,* 172 N. Y. 265; *Merkel* v. *Lazard,* 114 App. Div. 28; *Barnes* v. *Long Island R. E. Co.,* 88 App. Div. 91; 3 Duer, 248; Story on Agency, § 127; *Slainer* v. *Tysen,* 3 Hill, 279.) The discovery by Theodore Carter that his marriage to Mary Howard Carter was a void marriage had no *ex post facto* effect to enable the appellant to avoid the payment of debts contracted by her on his credit by merchants relying on the apparent relationship between the parties. (*Wickstrom* v. *Peck,* 163 App. Div. 608; *Wanamaker* v. *Weaver,* 176 N. Y. 75; *Rosenfeld* v. *Peck,* 149 App. Div. 663; *Mandel Bros.* v. *Simpson,* 67 Misc. Rep. 389; *Bradt* v. *Shull,* 46 App. Div. 347; *Goodsell* v. *Goodsell,* 82 Misc. Rep. 5; *Forest* v. *Forest,* 3 Bosw. 661.)

HISCOCK, J.  This action was brought to recover the purchase price of two lots of goods claimed to have been purchased respectively of different merchants on the credit of the defendant by his alleged wife.

In form defendant had been married to the woman who purchased the goods and for several years had lived with her and held her out as his wife.  Finally, he learned that at the time of the purported marriage she had another husband living, and he was proceeding to institute a prosecution against her for bigamy when she fled from the country.  On the eve of her departure she purchased the goods in question.  One lot, consisting of a suit and skirt aggregating in value $33.50, was purchased of the plaintiffs and the other lot, aggregating in value $21, was purchased from another storekeeper, who assigned his account to the plaintiffs.  There was some slight evidence that during the time the man and woman were living together he permitted her to make small purchases of necessaries on his credit, but I cannot find the slightest evidence to sustain the judgment so far as it covers the assigned account.  There is not a word of testimony to indicate what the articles were which are claimed to have been so purchased or that they were sold on the credit of the defendant.  While, of course, we must make proper allowance for the informalities of a trial in Justice Court obviously there is no rule or principle which permits us wholly to substitute speculation and conjecture for evidence, and I agree with the dissenting opinion of Mr. Justice WOODWARD that we should have to do this if we affirmed the judgment as to this cause of action.

While the evidence is not at all satisfactory in respect of the other cause of action, I think that it probably did permit the court to find facts sufficient to sustain the judgment.  While some of the testimony indicates that the sale was made to the wife personally rather than on the credit of the husband, I think that this testimony

refers to the physical transaction whereby the contract was made with her and the goods delivered to her, and that it might be found that it was the intention to sell them on the credit of the husband and charge them to him. The evidence also permitted the finding that the goods were necessaries, and this being so it was lawful, under ordinary circumstances, for the storekeeper to charge them to the husband unless it appeared by way of defense that the wife was amply supplied with articles of the same character as those purchased, or that she had been furnished with ready money with which to pay therefor, and which facts were not established. (*Wanamaker* v. *Weaver*, 176 N. Y. 75.)

The only remaining question for our consideration is whether the liability of the defendant was affected by the fact that his purported marriage with the woman was void. I think that it was not. Inasmuch as he had gone through the form of a marriage with her and lived with her and held her out as his wife his status was no different for the purposes here involved than it would have been had the marriage been a legal one. (*Johnstone* v. *Allen*, 6 Abb. Pr. [N. S.] 306; *Munro* v. *De Chemant*, 4 Camb. 215; *Blades* v. *Free*, 9 B. & C. 167; *Ryan* v. *Sams*, 12 Q. B. [A. & E. N. S.] 460.)

I recommend that the judgment be reduced by deducting the sum of twenty-one dollars, with interest thereon from January 13, 1913, and that as so modified it be affirmed, without costs of this appeal to either party.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Judgment accordingly.