## NORTHEASTERN REAL ESTATE SECU-RITIES CORPORATION v. GOLDSTEIN.

### No. 17, Docket 20597.

Circuit Court of Appeals, Second Circuit.

Nov. 3, 1947.

David Haar, of New York City, for appellant.

Reuben Chase, of White Plains, for appellee.

Before L. HAND, SWAN and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The petitioning creditor appeals from an order in bankruptcy, dismissing its petition to adjudicate the respondent, Goldstein. The petition was filed on November 16, 1946 by the petitioner alone; it alleged that Goldstein on the seventeenth of July, 1946, had transferred property to his wife with intent to hinder, delay, and defraud his creditors, of whom there were less than twelve. Goldstein answered that he had more than twelve creditors, and that the transfer to his wife was not fraudulent. He attached to his answer a list of fourteen creditors, and demanded a trial by jury. The judge submitted to the jury the issue of fraudulent transfer, on which the jury ren-

964

dered a verdict in favor of the petitioner; but he reserved to himself the question whether there were less than twelve creditors, and he decided that there were just twelve. Since only one creditor had joined in the petition, he dismissed the proceeding.

Goldstein does not assert that the judge's finding was wrong as to the two persons whom he held not to be creditors; and it therefore follows that, unless all the remaining twelve were creditors, the dismissal was wrong. Goldstein did not appear at the trial, but he submitted an affidavit which was admitted in place of his testimony, and in which he stated that on the 16th of November he "was indebted to the following named persons and firms in the amounts hereinafter set forth." To meet this the petitioner put in evidence parts of an examination in a court of the state, in proceedings supplementary to execution upon a judgment obtained by it, in which Goldstein testified that he gave his wife all his earnings, out of which she paid all the household expenses. The supposed debts of two of the creditors arose because they had sold dresses and other garments to Goldstein's wife; and we will assume for argument that they extended credit to Goldstein for these purchases. On the other hand, it nowhere appears that either creditor ever told him that they were relying upon his liability; and, since she paid all the bills personally, there is no reason to assume that he knew that they were.

■ At common-law, although a wife living with her husband had presumptive authority to charge him for necessaries, it was enough to rebut the presumption, if he supplied her with them himself, or with enough money to buy them.[1] Apparently it was doubtful in New York in 1903 whether so to provide excused the husband; but in Wanamaker v. Weaver,[2] after a considered review of the English cases, the Court of Appeals adopted in its entirety the doctrine "that the husband, in defense, may show that the wife was amply supplied with articles of the same character as those purchased, or that she had been furnished with ready money with which to pay cash therefor." This has been repeatedly recognized in later decisions, and is unquestionably now the New York law.[3]

■ Goldstein's testimony in his examination in the state court was competent against him as an admission and stood uncontradicted. It showed that he had not only made a suitable allowance to his wife, but that he gave her all his earnings. That being so, it was of not the slightest consequense that a person with whom she dealt gave credit to him, unless it was also shown that he had in some way ratified the charge against him. The petitioner having thus rebutted the presumption arising from cohabitation, it appeared without contradiction that she had no authority to charge Goldstein.

This disposes of two creditors, and it is not necessary to consider the others, although the same reasoning would apply to several, if not to all.

Order reversed; adjudication directed.

[1] Etherington v. Parrot, 2 Ld. Raymond 1006; Debenham v. Mellon, 6 App. C. 24; Morel Brothers & Co. v. Westmoreland (1903) 1 K.B. 64.

[2] 176 N.Y. 75, 82, 68 N.E. 135, 137, 65 L.R.A. 529, 98 Am.St.Rep. 621.

[3] Frank v. Carter, 219 N.Y. 35, 113 N. E. 549, L.R.A.1917B, 1288; Oatman v. Watrous, 120 App.Div. 66, 105 N.Y.S. 174; Rosenfeld v. Peck, 149 App.Div. 663, 134 N.Y.S. 392; Wickstrom v. Peck, 155 App.Div. 523, 140 N.Y.S. 570; Id., 163 App.Div. 608, 148 N.Y.S. 596; Id., 179 App.Div. 855, 167 N.Y.S. 408; Altman & Co. v. Durland, 185 App.Div. 114, 173 N.Y.S. 62; Loeser & Co. v. Diamond, 222 App.Div. 837, 226 N.Y.S. 688.