Edward Goodell, J.
The ultimate issue in these four vendors ’ actions for alleged necessaries is whether the defendant Linda Chait or her husband, the defendant Burton Chait, is responsible for payment.
The immediate questions requiring determination at this point in the trial, following the presentation of the plaintiffs’ cases are two: The first is whether the judgment of the Supreme Court, New York County, in an action for divorce in which the defendants in this action were the litigants is res judicata upon the issue of fault in the present Civil Court action. The second is whether the doctrine of collateral estoppel, based upon the Supreme Court judgment, is applicable with respect to the issue of standard of living in the instant eases.
The background for these questions is the action instituted by Burton Chait against Linda Chait in the Supreme Court seeking among other things, a decree of divorce based upon her alleged adultery. The answer interposed counterclaims including a counterclaim seeking as relief a declaratory judgment that the defendant Linda Chait is the lawful wife of the defendant Burton Chait and that a Mexican divorce obtained by him is invalid.
That action came on for trial before Mr. Justice Theodore R. Kupfermax. In his opinion, following the trial, Judge Kupfermah observed that he permitted the plaintiff husband’s cause of action for divorce “to be withdrawn without prejudice; ” that “the declaratory judgment counterclaim as to the status of the parties ” had been conceded in writing by the plaintiff husband; and that the questions he ‘ ‘ must determine are alimony and support for the defendant and two children, custody and visitation, the disposition of the cooperative apartment at 1050 Fifth Avenue, New York City, which commencing in 1964 was the marital residence and is now occupied by the wife, and counsel fees to the defendant wife.”
Since fault and standard of living are issues in the actions before me, the question involved in the trial of those .cases is whether I should permit or foreclose the taking of testimony on those issues in the light of tibíe proceedings in the Supreme Court divorce action. 1
The husband and the wife both base their positions on the - Supreme Court divorce action, counsel for the husband urging that the decree is res judicata on the issue of fault and therefore that testimony on that subject is inadmissible while counsel *643 for the wife invokes the doctrine of collateral estoppel, also on the basis of the same decree, to bar the presentation of evidence on the subject of the standard of living. Stating their respective positions in a positive rather than a negative way, counsel for Linda Chait seeks permission to introduce evidence with reference to the standard of living while counsel for Burton Chait seeks permission to introduce evidence on the subject of fault.
1. As to whether the decree is res judicata on the issues of fault:
“ The essence of res judicata,” as stated in Statter v. Statter (2 N Y 2d 668, 673), “is the fact that a court has already been presented with the subject sought to be litigated and has rendered a judicial determination thereon.”
Delineating the area intended to be embraced within the words “ judicial determination,” the court in the Statter case quoted with approval the language in Ripley v. Storer (309 N. Y. 506, 517) that “Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided.”
The underlying question here, therefore, is whether the Supreme Court has rendered a judicial determination, express or implied, on the issue of fault.
As already noted, Judge Kupferman’s opinion states as to the husband’s cause of action for divorce that he “permitted ” it “to be withdrawn without prejudice.”
The decree, however, omits the words ‘‘ without prejudice. ’ ’ It .states that ‘ ‘ each and all of the causes of action set forth in plaintiff’s complaint be and the same are hereby permitted to be withdrawn.”
Counsel for Linda Chait argues that the omission in the quoted portion of the decree of the words “ without prejudice ” sustains the point that the decree is an adjudication that the withdrawal is with prejudice and to buttress the argument points to the fact that a counterdecree was presented to Judge Ktjpferman by Burton Chait’s attorney with the words “ without prejudice.”
While the election not to sign the proposed decree including the words ‘‘ without prejudice ’ ’ in favor of signing the decree omitting those words would seem to point to a change in the 11 without prejudice ’ ’ language of the opinion, the difficulty with the argument is that CPLB. 3217 (subd. [c]) provides in part that “Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice ”.
*644 In my view, therefore, this part of the decree is not an express determination on the issue of fault since the words ‘ ‘ without prejudice ” must, in accordance with the statutory proviso, be read into the decretal provision. Such a reading moreover is consistent with the statement in Judge Kupfebmaft’s opinion that he permitted the withdrawal to be without prejudice.
This leads to the consideration of another portion of the decrbe dealing with the wife’s affirmative prayers for relief. Witni respect to that aspect of the divorce action the decree, as noted, determines that the marriage is valid and subsisting; that the Mexican divorce is void; and that the wife is entitled to receive alimony from the husband.
There is no express proviso in this portion of the decree with respect to fault. However, the decree awards the wife ‘ ‘ for her support and maintenance the sum of $600 weekly together with exclusive possession and continued occupancy of the cooperative apartment jointly owned by plaintiff and defendant ’ ’ and directed that the husband ‘ ‘ pay the monthly maintenance and carrying charges ” in respect of the co-operative apartment.
Implicit in those provisions for maintenance and support, there is, in my opinion, a determination that the wife is not at fault, in view of the statutory mandate of section 236 of the Domestic Relations Law that support may not be awarded to the wife if her misconduct 1 ‘ would itself constitute ground for separation or divorce.”
That fault was not itself the subject of “ stubborn contention ” is not important. As it was said in Statter (supra, p. 673):
‘ ‘ The essence of res judicata is the fact that a court has already been presented with the subject sought to be litigated and has rendered a judicial determination thereon. The question of what evidence has been actually produced is immaterial. It may be that in seeking to ascertain whether the two issues are the same a comparison of the evidence needed to establish the respective questions may be an appropriate criterion. But assuming the issues in the two cases to be the same, whether or not it has been determined in no wise depends upon whether it has been the subject of stubborn contention or has been found by way of concession. * * * In either case the public policy which underlies the doctrine of res judicata is applicable.”
Such a concession appears in the record of the divorce action in the Supreme Court for there Mr. Erdheim, counsel for Burton Chait, stated to the court the following: ‘ ‘ I have conceded it, and I say again, so there will be no question, Mrs. *645 Chait, the defendant in this action, is entitled to support on a means basis based upon the preseparation standard of living.”
Apart from the fact that the record in the divorce action contains an uncontradicted denial of misconduct by the wife, it was not necessary that the issue of fault should be the subject of contention since the concession that Mrs. Chait ‘ ‘ is entitled to support ’ ’ contained the implication that she was without fault and obviated the need to prove that premise to justify an award of support.
It may be added as a postscript that the “Fourteenth” paragraph of the complaint in the Supreme Court action, the final paragraph in the husband’s second cause of action “ for an absolute divorce,” states that “by reason of all of the foregoing, the plaintiff is entitled to a judgment of absolute divorce against the defendant, and the defendant has, by virtue thereof, both in law and in fact, and within the purview of section 236 of the Domestic Relations Law, forfeited all rights to or manner of, support for herself from the plaintiff, temporary or otherwise, and is debarred from any and all marital rights or remedies.”
The concession that Mrs. Chait “is entitled to support ” takes increased significance in the light of the recognition in the complaint of the proposition that 1 ‘ within the purview of section 236 of the Domestic Relations Law”, misconduct sufficient to warrant divorce or separation precludes the right to support.
As I see it, therefore, the decree is res judicata as to the issue of fault insofar as this court is concerned.
_I. reach the same conclusion by another related, but somewhat different, line of reasoning.
For the purpose of discussion let it be assumed that the judgment of the Supreme Court did not determine the issue of support but adjudicated only that the marriage is valid and subsisting. What, then, would be a reasonably foreseeable consequence of permitting these vendors’ actions to be used as the vehicle for exposing and developing the issue of fault?
It is fair to say in approaching an answer to this question that if the husband and wife had not invoked or submitted to the jurisdiction of the Supreme Court in the divorce action and if the Supreme Court had not made its determination and issued its decree, fault as an issue in these cases in this court would be appropriate.
The suggested proposition, however, must be viewed in the light of the fact that the husband and wife did join in litigating the issue of divorce in the Supreme Court by claim and counter *646 claim and that in the present position of the matter the decree of the Supreme Court stands, if for nothing else, as a determination in favor of the wife that the marriage is valid and subsisting.
/ The proper forum for any modification of that decree, if modification should be appropriate, is the Supreme Court.
In the presence of the Supreme Court judgment, which does adjudicate as to the husband and wife involved in these actions that the marriage is valid, it would be inappropriate and improper, in my view, to litigate an issue that might result in a finding that is at variance with that determination. For it is possible that a full dress review of the issue of fault involving the charges and countercharges of the complaint and counterclaim in the Supreme Court action might result in a finding in these cases of misconduct on the part of the wife.
The Statter case (supra) quotes the famous statement of then Chief Judge Cabdozo in Schuylkill Fuel Corp. v. Nieberg Realty Corp. (250 N. Y. 304, 306-307), where he said that “ A judgment in one action is conclusive in a later one not only as to matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first.”
While a finding of misconduct on the part of the wife in these actions may not destroy the judgment in the Supreme Court action in a legal sense, it would challenge it and create doubt as to its validity and by blemishing, detracting from and diminishing it, would impair its effect. At the very least there would be inconsistency and incongruity in a holding in one court in favor of the wife that the marriage is valid and a finding by another court in the same jurisdiction and with respect to the same principals that the wife was guilty of adultery as alleged in the Supreme Court complaint.
There is sound reason for giving full faith and credit to the judgments of other States. I suggest that although the present case is not analogous, it is also important for the courts of one State to avoid impinging on the judgments of co-ordinate or superior courts of the same jurisdiction in circumstances such as are presented here.
Res judicata, therefore, in my opinion, is aptly applied in the present case. As said by Maurice Rosenberg in his article on “ Collateral Estoppel in New York ” (N. Y. L. J., March 2, 1970, p. 1, col. 4), “ At the core of res judicata is the idea that society’s interests are better served by foreclosing *647 repetitious litigation than by permitting litigants to show that the truth is otherwise than as found or assumed in a prior action. ’ ’
2. Collateral estoppel and the standard of living.
The issue before the court on this subject is whether the decree in the Supreme Court action bars the taking of testimony on the subject of the standard of living.
The decree provides, as has been noted, $600 weekly for the support of the wife and the payment by the husband of the maintenance and carrying charges for the co-operative apartment, in addition to payments intended solely for the benefit of the children of the marriage.
Counsel for the husband points out that if the support provisions for the wife are translated into dollars, the decree provides for the payment to her of $31,120 a year in cash plus $9,120 for the maintenance of the apartment or a total of about $40,000 a year. On that basis he argues that “ Mr. Justice Kupfermai* in effect found Mrs. Chait’s preseparation standard of living measured by the spendable amount — after taxes and apart from rent — of no more than $14,000 per year.” On that premise he asks this rhetorical question: “Measured by this pre-separation standard, how can Mrs. Chait possibly justify the expenditure of $20,000 for clothing and decorating-alone in the 16-month period which is the subject of this action? ”
Without prejudging the question of whether the purchased items in issue were or were not necessaries, it is my opinion that the support provisions of the decree do not preclude the taking of testimony on the subject of the standard of living and that the amount provided by the decree to be paid to the wife for her support is not the applicable standard in this case.
In Wickstrom v. Peck (163 App. Div. 608), Judge Scott, writing for the Appellate Division, First Department, stated the appropriate standard by which necessaries are to be judged. He said (p. 609) there that “ The question as to what are and what are not necessaries, in a case of this kind, depends in large measure upon the scale and style of living adopted by the husband.” (See, also, De Brauwere v. De Brauwere, 203 N. Y. 460.)
The guide for which the trier of the facts is searching in order to ascertain the preseparation standard of living is not to be found in the decree because it does not furnish the facts as to the scale and style of living adopted by the husband prior to the separation.
*648 The fact is that the decree does not contain an explicit statement of the preseparation standard. In effect the court is asked to infer that standard from the decretal provision for support. However, there is no deductive process by which the trial court can project backwards from the decree to determine the way of life of the husband and wife before their separation. Unlike the provision for support, the preseparation standard of living deals not only with the wife but with the scope and style of living adopted by the husband for himself, his wife and family. Obviously there is a difference in a household in which husband and wife are participants and a household in which the husband is not a part, which may be reflected in its mode of living. The support provision of the decree cannot be accepted, therefore, as the measure of the preseparation standard of living.
Accordingly the doctrine of collateral estoppel, described by Professor Maurice Rosenberg as a form of partial res judicata, is not applicable here (N. Y. L. J., March 2, 1970, p. 1). The principal prerequisite for its application is “identity.” As stated in People ex rel. Watchtower Bible & Tract Soc. v. Haring (286 App. Div. 676, 680): “It is elementary that the doctrine of collateral estoppel is not applicable unless the issue in the second proceeding is identical with that in the first.” And in Israel v. Wood Dolson Co. (1 N Y 2d 116, 120) the court said that ‘ ‘ In determining the applicability of the doctrine of res judicata as a defense, the test to be applied is that of ‘ identity of the issues’.” (See, also, N. Y. L. J., March 3, 1970, p. 1, cols. 4 and 5.)
While the provision for support has a relation to the prior standard of living it does not determine the factual question of what the standard of living was prior to separation. Elements bearing on the preseparation standard of living may be omitted or disregarded in fixing support as, for example, the maintenance of a yacht or nonrepetitive expenditures for the decoration of the co-operative apartment. The provisions for support and the facts relative to the preseparation standard of living are not the same.
There is, therefore, in my opinion an absence of the identity of issues of fact that is essential before collateral estoppel can be invoked to preclude testimony regarding the preseparation standard of living.
For these reasons, as I have stated, it is my view that collateral estoppel does not preclude the taking of testimony regarding the preseparation standard of living and, accordingly *649 February 18, 1971 at 2:00 p.m. is fixed as the time and Trial Term Part 6 as the place for the taking of further testimony on the subject of the preseparation standard of living.
The application to offer testimony on the subject of fault is denied.