ALICE DE BRAUWERE, Respondent, v. LOUIS DE BRAUWERE, Appellant.

**Husband and wife** — right of wife to recover from husband for moneys expended by her for necessaries.

1. A husband is liable in equity to one who furnishes necessaries requisite for the support of his deserted wife and infant children or to one who furnishes the wife with money with which to procure such necessaries.

2. The common-law disability of the wife to sue the husband having been removed, a wife who has applied her separate estate to the purpose of an obligation resting primarily upon her husband may now recover from him the reasonable amounts which she has thus expended out of her separate estate in discharge of his obligation.

3. In an action by the wife to recover for moneys she has been obliged to expend for necessaries for herself and children, the pecuniary ability of the husband may be an element to be considered as to the character of the expenditures for which she is entitled to be reimbursed.

*De Brauwere* v. *De Brauwere*, 144 App. Div. 521, affirmed.

(Argued October 6, 1911; decided December 5, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1911, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lucius L. Gilbert* and *Merle I. St. John* for appellant. No such action could have been brought at common law, and the common-law duty of support of the wife by the husband has not been changed by the statutes of New York relating to married women. A wife cannot recover from her husband moneys laid out by her for her

own support, except, by alleging and proving a promise, either express or implied, of the husband to refund it to her. (*People ex rel. Kehlbeck* v. *Walsh*, 11 Hun, 292; Schouler on Dom. Rel. § 61; *Lindholm* v. *Kane*, 92 Hun, 369; *Holcomb* v. *Harris*, 166 N. Y. 257; *Ruhl* v. *Heintze*, 97 App. Div. 442; *Maxon* v. *Scott*, 55 N. Y. 247; *Ellenbrogen* v. *Slocum*, 66 Misc. Rep. 611; *Byrnes* v. *Rayner*, 84 Hun, 199; *Tiemeyer* v. *Turnquist*, 85 N. Y. 516; *Ehrich* v. *Bucki*, 7 Misc. Rep. 118; *Stammers* v. *Macomb*, 2 Wend. 454; *Mitchell* v. *Treanor*, 56 Am. Dec. 421; Schouler on Husband & Wife, § 109; *Metcalf* v. *Shaw*, 3 Camp. 22; *Bentley* v. *Griffin*, 5 Taunt. 356; *Dixon* v. *Hurrell*, 8 C. & P. 717.) This is in reality an action for support by the wife, and cannot be maintained, because the wife cannot sue the husband directly for breach of the marital contract. (*Ramsden* v. *Ramsden*, 91 N. Y. 281; *Beadleston* v. *Beadleston*, 103 N. Y. 402; *Thompson* v. *Thompson*, 218 U. S. 611; 1 Bishop on Marr. Women, § 892; *Decker* v. *Kedly*, 148 Fed. Rep. 681; *Skinner* v. *Tirrell*, 159 Mass. 174.)

*Albert J. Hiers* and *Thomas F. Doyle* for respondent. The decision should be sustained, because the amended complaint states a cause of action in equity. (10 Abbott's N. Y. Cyc. Dig. 884; *Hemmingway* v. *Poucher*, 98 N. Y. 281; *Coppola* v. *Kraushaar*, 102 App. Div. 306; *Rogers* v. *N. Y. & T. L. Co.*, 131 N. Y. 197; *Mitchell* v. *Thorne*, 134 N. Y. 536; *Grandy* v. *Hadcock*, 85 App. Div. 173; *Hatch* v. *Leonard*, 165 N. Y. 435; *Young* v. *Valentine*, 177 N. Y. 347; *Winter* v. *Winter*, 191 N. Y. 462; Bishop on Mar., Div. & Sep. § 1190; *Dixon* v. *Chapman*, 67 N. Y. 540; 56 App. Div. 542; *Sloane* v. *Boyer*, 95 N. Y. 531.) The amended complaint states a cause of action against the defendant for a breach of contract at law. (*Young* v. *Valentine*, 177 N. Y. 347; *Winter* v. *Winter*, 191 N. Y. 462; L. 1909, ch. 19, § 51; *Manchester* v. *Tibbets*, 121 N. Y. 219.)

WILLARD BARTLETT, J.   In this case the plaintiff a married woman, who has been abandoned by her husband, sues the husband to recover moneys which she has been compelled to expend out of her separate estate to provide necessaries for herself and her three infant children.   Her separate estate consisted of the proceeds of her own labor as a seamstress and janitress and in part of a small sum of money received by way of inheritance from a deceased relative.   Since he abandoned his family about September 1, 1904, the defendant has contributed nothing toward their support except the sum of fifty dollars; and although the plaintiff has endeavored to procure necessaries for herself and her children upon his credit she has been unable to do so.   About the time when the husband left his family the wife caused him to be arrested on a charge of abandonment and he was ordered to pay her six dollars a week, but he refused· to comply with this order and removed from the state of New York into the state of New Jersey where he resided at the time of the commencement of this action.

The defendant demurred to a complaint setting forth the facts substantially as they have been stated.   His demurrer was overruled at the Special Term and an interlocutory judgment was rendered in favor of the plaintiff which has been affirmed by the Appellate Division.   The questions presented by the demurrer were elaborately discussed in both courts, and although both arrived at the same result they reached their conclusions upon somewhat different grounds.

" A parent is under a natural obligation to furnish necessaries for his infant children; and if the parent neglect that duty, any other person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of the parent." (*Van Valkinburgh* v. *Watson*, 13 Johns. 480.)   This rule has long been recognized as the law both in England and this ·

country. A corollary of the rule is the proposition that where a person has advanced money to a wife deserted by her husband for the purchase of necessaries and the money has been so applied he can maintain a suit in equity against the husband for the money so advanced. The leading case to that effect in this country is *Kenyon* v. *Farris* (47 Conn. 510), in which the earlier English decisions are reviewed. The doctrine of that case has found general acceptance, except in Massachusetts, where it has been expressly rejected. (*Skinner* v. *Tirrell*, 159 Mass. 474.) It has been followed without question by the Supreme Court in this state. (*Wells* v. *Lachenmeyer*, 2 How. Pr. [N. S.] 252; *Kenny* v. *Meislahn*, 69 App. Div. 572.)

We may assume, then, that a husband is liable in equity to one who furnishes necessaries requisite for the support of his deserted wife and infant children or to one who furnishes the wife with money with which to procure such necessaries. In the present case, however, the money used for procuring the necessaries was chiefly the outcome of the wife's own labors, and the question is whether she can maintain an action against the husband to recover it. Clearly no such action was maintainable at common law. At common law the personal property of the wife and all her earnings belonged to the husband. In this state, however, her marital disabilities have been wholly removed by statute, and the law now presumes that a married women is alone entitled to any wages, earnings or any other remuneration for services which she renders. Such compensation constitutes a part of her separate estate and she can maintain any action in reference thereto which she could maintain if she were unmarried.

The learned judge who tried the case at Special Term was inclined to think that the plaintiff's right to recover should be sustained upon the doctrine of subrogation, the wife being subrogated to the rights of the persons

who furnished the necessaries for herself and the children and whom she has paid therefor. We prefer to place his liability on a different ground. The husband was unquestionably under a legal obligation to provide his wife and children with the necessaries of life suitable to their condition. This liability would have been enforcible by the wife in her own behalf and in behalf of her infant children were it not for her disability at common law to sue her husband. That disability having been removed, a wife who has applied her separate estate to the purpose of an obligation resting primarily upon her husband may now recover from him the reasonable amounts which she has thus expended out of her separate estate in discharge of his obligation. In other words, under the common law such a claim as that in suit was not enforcible, because a married woman was incapable of owning any separate estate and likewise incapable of maintaining an action at law against her husband. These obstacles have been removed by placing a married woman on the same footing with a woman who is unmarried in respect to her property rights, and by permitting her to enforce such rights in the courts against her husband no less than against strangers. The plainest principles of justice require that a wife should have some adequate legal redress upon such a state of facts as that set forth in this complaint, and the beneficial character of our legislation removing the former disabilities of married women could not be evidenced more forcibly than it is in its application to the present case.

The obligation of the husband to provide his wife and children with the necessaries of life suitable to their condition is to be measured with reference to his pecuniary ability, honestly exercised, or his pecuniary resources; that is to say, those things might properly be deemed necessaries in the family of a man of generous income or ample fortune which would not be required in the family of a man whose earnings were small and who had saved

nothing. The husband is bound to provide for his wife and children "whatever is necessary for their suitable clothing and maintenance, according to *his* and their situation and condition in life." (*Keller* v. *Phillips*, 39 N. Y. 351, 354.) The husband's pecuniary ability, therefore, may be an element to be considered upon the trial of the action if any question is raised as to the character of the expenditures for which the wife seeks reimbursement.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Order affirmed.