KROTOSKY v. KROTOSKY. (No. 7895.)

(Supreme Court, Appellate Division, First Department.　November 12, 1915.)

ATTACHMENT ⬡⟹47—EVIDENCE—SUFFICIENCY.

　　Where defendant is a resident of the state, has no other debts, and is in business in the state, his property should not be tied up by attachment pending an action, on the ground that he is about to make some disposition of his property for the purpose of defrauding his creditors, unless there is substantial evidence that he is about to do so.

　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 120, 861–876; Dec. Dig. ⬡⟹47.]

　　Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Grace Krotosky against Philip Krotosky, also known as Philip Kay and Philip K. Dalton.　From an order denying his motion to vacate an attachment, which order was made on a rehearing of the motion, defendant appeals.　Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Harvey J. Cohen, of New York City (Herman Joseph, of New York City, on the brief), for appellant.

Julius J. Popper, of New York City, for respondent.

INGRAHAM, P. J.　A warrant of attachment in this action was granted on the ground that the defendant had assigned, disposed of, and secreted his property, or was about to assign, dispose of, or secrete his property, with intent to defraud his creditors.　Assuming that the plaintiff had made out a prima facie case to justify the issue of a warrant of attachment in the first instance, the facts that would justify this conclusion have been fully met and answered by the defendant's affidavits, and on the whole case there seems to be a lack of evidence to justify a finding that the defendant either has transferred or assigned, or is about to transfer or assign, his property to avoid his creditors.　The defendant is a resident of this state, and trying up all of his property to await the determination of this action is not justified, unless there is substantial evidence that the defendant is about to make some disposition of his property for the purpose of defrauding his creditors.　There is no evidence that he has other debts, his business is here, and nothing that he has done will justify the inference that he is about to make such a disposition of his property as will justify an attachment.

For these reasons, I think the order appealed from should be reversed, and motion to vacate the attachment granted, under the circumstances, without costs.

CLARKE and SCOTT, JJ., concur.　DOWLING, J., dissents.

LAUGHLIN, J. (concurring).　In or about the year 1903 the plaintiff and the defendant married, and they resided together until the

year 1906, when the plaintiff left the defendant, taking their two children, now of the ages of 14 and 12 years, respectively, with her, and she has ever since resided separate and apart from the defendant. This action is brought to recover the sum of $3,350, which the plaintiff claims to have necessarily expended for the support and maintenance of the two children from the time she left the defendant until the 3d day of February, 1913, and the further sum of $11,550, which she claims to have necessarily expended for the support and maintenance of herself from the time she so left the defendant to the 17th day of July, 1915. The warrant of attachment is for the entire amount, and it has been levied upon all defendant's bank accounts, some of which relate to his business conducted for the insurance company by which he is employed, and it has also been levied upon moneys owing to him.

In the year 1912 the defendant obtained a decree of divorce against the plaintiff in Pennsylvania and remarried, and in July, 1915, was residing in this state with the woman he married after obtaining the divorce from the plaintiff. In the summer of 1915 the plaintiff brought an action against the defendant for divorce on account of his relations with the woman he married after obtaining the Pennsylvania divorce, and on the 6th day of July, 1915, she caused moving papers on an application for alimony and counsel fee to be served in that action, returnable on the 19th of the same month. On the 17th or 20th of July, 1915, and before that motion was decided, this action was commenced.

The plaintiff alleges that when she separated from the defendant, on the 1st day of September, 1906, she was obliged to leave him on account of the cruel and inhuman manner in which he treated her and the children, "and because of his drunkenness, and because of his conduct towards the plaintiff, which conduct was such as to render it unsafe and improper for the plaintiff to cohabit with the defendant." The plaintiff's affidavit used on the application for the warrant of attachment is no more definite with respect to the facts upon which she bases her cause of action than the allegations of the complaint, and no other facts appear in the record tending to justify the plaintiff in leaving her husband. The complaint and affidavit used on the application for the warrant of attachment charge in general language that the defendant failed to provide for the support of his wife and children, and that she was unable to obtain credit on his account, and was obliged to use her separate estate and personal earnings for the expenditures for which she seeks to recover, and that the board, maintenance, clothing, and other necessaries which she procured at such expenditure "were necessaries of life suitable" to the condition of the plaintiff and her children. There is no allegation of fact with respect to their station in life; nor was there any allegation or proof in the papers upon which the warrant of attachment was issued with respect to the property or income of the defendant, other than a statement to the effect that on the motion for alimony the defendant admitted having withdrawn the sum of $1,200 from a savings bank after the service upon him of the motion papers.

The defendant denies that he was guilty of any cruel or inhuman conduct toward the plaintiff or the children, or of intoxication; and in an affidavit read in opposition to plaintiff's motion for alimony in the divorce action, which plaintiff used in opposition to the motion to vacate the attachment, defendant charged that she separated from him without cause, and without notifying him of her intention so to do, or where she went; that in the year 1911 she had him summoned before a magistrate in the borough of Manhattan, New York, for non-support, but that the magistrate after a hearing dismissed the proceeding; that he was again summoned to the Magistrate's Court for nonsupport of plaintiff in the year 1913, and that an arrangement was then made by which he was to support the children at a school in which they had been placed; and that he has supported them ever since, and has at all times been willing to support them, but has never been requested so to do.

On the motion for alimony in the divorce action, the plaintiff charged that the defendant was employed as assistant manager of the Pennsylvania Mutual Life Insurance Company in the borough of Manhattan, New York, and that he had written and carried on the books of said company upwards of $1,500,000 in life insurance, and that he has an income of about $10,000 per annum, and she specified five banks in which she claimed he had accounts, and charged that he was worth from $50,000 to $75,000, and that he had threatened to transfer all of his property to one Taylor, who was connected with said insurance company, and to one Robinson, and to arrange to be transferred to an office of the company in another state in the event that the plaintiff should institute any proceeding against him for alimony, and for that reason she requested that the court require him to give security for the payment of any alimony awarded. The defendant, by affidavit in opposition to the motion, controverted plaintiff's charges with respect to his property and threats to dispose of it, and showed that his only income from said insurance company was from commissions, and that they had for several years averaged less than $100 per month, and he expressly offered to submit to an examination with respect to his income, and to exhibit all his books and papers, and stated, in effect, that he was not worth more than $2,000, and that it had become necessary for him to use some of his principal for the support of himself and his wife.

Before the submission of the motion further affidavits were filed, presenting a question of fact as to whether defendant had stated that he had transferred property in trust for his children. The warrant of attachment was issued on the ground that the defendant has assigned, disposed of, and secreted part of his property, and is about to assign, dispose of, and secrete the balance of his property with intent to defraud his creditors. There is no evidence that the defendant has any other creditor, excepting his friend Robinson, and a small amount for the board and education of his children. It appears by the affidavit of the defendant, which is uncontroverted, that the first knowledge he had that the plaintiff made or intended to make any claim against him for reimbursement for her living expenses and those of

her children was when this action was brought. No facts are disclosed tending to show the disposition of any property by the defendant, other than money, and the charges with respect *to the use of his money* are fairly met by affidavits showing that it was used to pay his debts. The affidavit made by the defendant in opposition to the motion for alimony in the divorce action· is subject to the criticism, made in behalf of the plaintiff, that he was not open and frank, or even strictly accurate, with respect to the amount of his property, but that neither shows that he has transferred or intends to dispose of property with intent to defraud creditors. If it appeared that the defendant disposed of property to avoid the payment of alimony or counsel fee that might be awarded by the court, that would not be a disposition of property with intent to defraud creditors, for neither his wife nor her counsel was *then* a creditor with respect to alimony or counsel fee.

On the motion for alimony the same facts with respect to the alleged threatened disposition of the property of the defendant were shown as are presented by the record now before the court, and the court at Special Term evidently was not satisfied that the charge was well founded, for no security was exacted, as might have been required by section 1772 of the Code of Civil Procedure. I have discussed the facts at length, not merely to show the hardship to this defendant of granting a warrant of attachment, but to indicate the dire consequences that may follow the granting of warrants of attachment in such cases unless *default* on the part of the husband with respect to his marital duties is charged and shown, and I think that has not been done here.

In De Brauwere v. De Brauwere, 203 N. Y. 460, 96 N. E. 722, 38 L. R. A. (N. S.) 508, it was held that a wife whose husband had abandoned her may maintain an action against him or his estate to recover the amount expended by her from her separate estate or earnings for her maintenance and support. In that case there had been an order requiring the husband to pay a fixed amount for the support of his wife; but, as I understand the decision, it was not placed upon that ground. It is claimed that that authority is not controlling, for the reason that here the plaintiff left her husband, and it is argued, in effect, that in such case the husband is not liable for the support of the wife until by some judicial proceeding it is determined that she was justified in leaving him. I find no basis for this distinction, either in the statutory law of the state or in the decisions of the courts. If the defendant was guilty of such conduct as would entitle his wife to maintain an action for separation, she was justified in leaving him. She would then have been justified in living separate and apart from her husband, and his duty to provide her and their children with necessaries for board and clothing would continue precisely the same as if they were living together. Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270. She could then, without instituting any criminal proceeding to compel the husband to support her and her children, or commencing an action for separation, have obtained necessaries on his account, and a merchant giving her credit on the husband's account, or one loaning her money on his account for such necessaries, would have had

a cause of action against him. Hatch v. Leonard, supra; Kenny v. Meislahn, 69 App. Div. 572, 75 N. Y. Supp. 81. Where the action is brought by a merchant who has furnished necessaries to a married woman on the credit of her husband, whether the husband and wife are living together or apart, the action is predicated on the theory of implied agency on the part of the wife to represent her husband in performing his duty of support imposed by law. Hatch v. Leonard, supra; Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Wickstrom v. Peck, 155 App. Div. 523, 140 N. Y. Supp. 570; Id., 163 App. Div. 608, 148 N. Y. Supp. 596; Rosenfeld v. Peck, 149 App. Div. 663, 134 N. Y. Supp. 392.

The defendant relies on Pierce v. Pierce, 9 Hun, 50, affirmed 71 N. Y. 154, 27 Am. Rep. 22, in which it was held that a married woman living apart from her husband could not sue him or his estate for necessaries. If the decision of the Court of Appeals in De Brauwere v. De Brauwere, supra, is not based on a change in the statutory law since the decision in Pierce v. Pierce, supra, the latter case should, I think, be deemed overruled. I am of opinion, therefore, that an action may be maintained by a married woman, who for just cause has left her husband and is living separate and apart from him, to recover from him or his estate moneys expended for necessaries for the support of herself and infant children. I think, however, that it should be held to be essential to a recovery in such an action that the plaintiff establish by clear and satisfactory evidence that she was justified in departing from the home provided by her husband, and that the circumstances were such that she had not relieved him of his duty to support and maintain her, and that in using her own funds or income for necessaries she had not waived her right to be reimbursed therefor.

It was well stated by the General Term in Pierce v. Pierce, supra, that where a married woman departs from her husband, and fails to bring an action for a separation or purchase necessaries on his credit, and supports herself, it is "reasonable to infer that she acquiesced in the separation, and that it was not altogether owing to his fault." That expression is applicable to the case at bar, for here there is no evidence that after leaving her husband she made any demand upon him for support, or that he support the children, until shortly before the beginning of the action, as already stated. By separating from him, and supporting herself and children, by her earnings or otherwise, for many years, without calling upon him to perform his duty in that regard, or applying to any court to compel the performance of that duty, it is a fair presumption, I think, although, of course, not conclusive, that she preferred to live with her children apart from her husband, and was quite satisfied to support herself and them without calling upon him for assistance.

These facts also tend to discredit her claim that she separated from her husband for good and sufficient cause. Her general charges of cruelty and with respect to intoxication do not sufficiently show facts warranting her in leaving her husband; but, if they were sufficient for the pleading, they fall far short of a compliance with the rule ap-

plicable to the issuance of warrants of attachment where the *evidence* of the cause of action must be presented. Delafield v. Ormsby Co., 62 App. Div. 262, 71 N. Y. Supp. 14. She therefore, in my opinion, fails to show by satisfactory *evidence* that she was justified in leaving her husband, or that she expended her own funds in the discharge of a duty which the defendant owed to her and his children, and which she *then* claimed was owing by him to her and to the children, or that he has transferred any of his property, or threatens to dispose of it, with intent to defraud creditors.

I am therefore of opinion that the order should be reversed, and motion to vacate the warrant of attachment granted, but without costs.