AUGUSTA LANDES, Respondent, *v.* LEONARD LANDES, Appellant.

First Department, March 8, 1918.

**Husband and wife — action by wife living separate from husband for money expended for support of herself and child — pleading — necessity for allegation as to cause of separation — presumption as to cause of separation.**

A wife living apart from her husband, who sues him for moneys which she was obliged to expend for the support of herself and infant child of the marriage, because of defendant's refusal to make provision for them, need not allege as part of her cause of action that the separation was due to no fault of her own or was due to her husband's fault.

The mere fact that the parties are living apart raises no presumption as to where the fault lies.

*Prima facie* the fact that the parties are married casts upon the husband the duty of support, and if there be any reason why he is relieved from that obligation, it is for him to assert and prove that reason.

APPEAL by the defendant, Leonard Landes, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of November, 1917, denying defendant's motion for judgment on the pleadings consisting of an amended complaint and answer.

*Leo R. Brilles* of counsel [*House, Grossman & Vorhaus,* attorneys], for the appellant.

*Max D. Steuer* of counsel [*Henry Danziger* with him on the brief], for the respondent.

SCOTT, J.:

This appeal presents only a question of pleading. Plaintiff sues defendant, her husband, for moneys which she alleges she was obliged to expend for the support of herself and the infant child of the marriage, because defendant refused to make provision for them. The complaint alleges that at the time the moneys were expended the parties were living separate and apart from each other. Both the complaint and answer are silent as to the question upon whom rested the responsibility for the separation, and the point involved is whether the

plaintiff should allege that the separation was due to no fault on her part, or, if the fault was in fact that of the wife, whether that is a matter of defense to be pleaded by the husband. Of course the case rests upon the rule laid down in *De Brauwere* v. *De Brauwere* (203 N. Y. 460). In that case the wife did affirmatively allege that the separation was due to no fault on her part, but that circumstance does not appear to have been considered as controlling. The Court of Appeals placed its affirmance of the judgment upon the broad proposition that a husband rests under a legal obligation to provide his wife and children with the necessaries of life suitable to their condition. This obligation is well established. It is true that a wife may forfeit her right to support by her misconduct, and, among other things, by deserting her husband without justifiable cause. Unless she so forfeits it the obligation persists and is not affected by the bare circumstance that the parties are living apart for that may result as well from the misconduct of one spouse as from that of the other. The mere fact that the parties are living apart raises no presumption either way as to where the fault lies. *Prima facie* the fact that the parties are married casts upon the husband the duty of support, and if there be any reason why he is relieved from that obligation it is for him to assert and prove that reason. The mere fact of the separation, which may or may not be the fault of the wife, is not a sufficient reason.

We are, therefore, of the opinion that in the present case it was not necessary for the plaintiff to allege, as part of her cause of action, that the separation was due to no fault of her own, or was due to her husband's fault. Certainly so far as the support of the infant child of the marriage was concerned it makes no difference which of the parties was at fault.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and DAVIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.