In the Matter of the Estate of SIDNEY REICH, Deceased.

Surrogate's Court, New York County, December 15, 1930.

*Simpson, Thacher & Bartlett,* for the estate.

*Abraham N. Levy,* for the claimant.

FOLEY, S. In this accounting proceeding a claim is asserted against the estate in the sum of $3,025 for expenditures for necessaries for the support of the wife of decedent from November 1918 to the date of the decedent's death on March 15, 1927.

Elsie Meyers Reich and Sidney Reich, the decedent, were married on February 16, 1918. The matrimonial domicile was in New York city. An abandonment by the husband took place a short time after the marriage. The husband was arrested upon the complaint of the wife for his failure to contribute to her support. After his arraignment on May 22, 1918, an adjudication that he had neglected to provide for his wife, that she was without adequate support and " in danger of becoming a burden upon the public " was made by a magistrate presiding in the Domestic Relations Court of the city of New York. The husband was thereupon ordered to pay the sum of seven dollars per week for the support of his wife. Payments were made by him for five or six months when he discontinued them and left the State of New York. At the time of his death he was a resident of the State of Iowa. His will was dated November 22, 1926, and in it he described himself as a resident of that State. He bequeathed his entire estate to a friend, Ida B. Storm, the ancillary executrix in this proceeding. After the discontinuance of payments under the court order, no moneys

whatsoever were advanced by him for the maintenance of his wife. She testified that from the time of his disappearance she was without knowledge as to his whereabouts or of his residence in Iowa. The latter circumstance was first disclosed after his death when it became necessary to cite her in a proceeding in this court. For the entire period she resided with her sister and supported herself on moneys borrowed from a relative, the co-objectant here. Upon these facts a right of recovery against the estate was clearly established. A wife who has applied her separate estate to the purpose of an obligation resting primarily upon her husband may now recover from him or from his estate the reasonable amounts which she has thus expended out of her separate estate in the discharge of his obligation. " The plainest principles of justice require that a wife should have some adequate legal redress upon such a state of facts." (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460, 464.) The right of recovery extends likewise to one who furnishes the necessaries requisite for the support of the deserted wife and infant children, or to one who furnishes the wife with money with which to provide such necessaries. (*De Brauwere* v. *De Brauwere, supra; Laumeier* v. *Laumeier*, 237 N. Y. 357; *Kenny* v. *Meislahn*, 69 App. Div. 572; *Stevens* v. *Hush*, 107 Misc. 353; *Matter of Kiley*, 132 id. 582.)

In the present case the reimbursement sought is extremely reasonable and constitutes but a continuance of the weekly payment judicially fixed for her support as against the husband in his lifetime. I hold further that no part of the sum claimed is barred by the Statute of Limitations. The Statute of Limitations was not pleaded by the executrix. If it is not pleaded, it is not available as a defense. (*Dunkum* v. *Maceck Bldg. Corp.*, 227 App. Div. 230, 235; *Hayden* v. *Pierce*, 144 N. Y. 512.) However, its effect has been considered by me. The burden of proving that the statute had run was upon the representative of the estate. (*Beugger* v. *Ashley*, 161 App. Div. 576, 581.) If the right of recovery is purely equitable in nature, the ten-year statute applied. (Civ. Prac. Act, § 53; *Keys* v. *Leopold*, 213 App. Div. 760; *Gilmore* v. *Ham*, 142 N. Y. 1; *Matter of Deitz*, 134 Misc. 393.) If that limitation is applicable, all of the claim would be recoverable because the earliest date in the claim was eight and one-half years prior to the death. The Court of Appeals in *De Brauwere* v. *De Brauwere* (*supra*) specifically defined the nature of the right of reimbursement asserted here as one cognizable " in a suit in equity." But even if the six years' limitation applies, the entire amount of the claim must be allowed because of the departure of the decedent from this State after the accrual of the claim and his subsequent residence in Iowa.

For most of the period of time it clearly appears that the decedent was outside of the State of New York. Support for this conclusion is found in the admissions of the ancillary executrix in the filed papers of this court upon her application for letters. The executrix has produced no evidence to show that the decedent ever returned to this State. The failure to supply such proof is probably explained by Ida B. Storm's admissions of record that the decedent had been a resident of Iowa for several years previous to his death. The time of his absence from the State tolled the statute and was not a part of the period limited for the commencement of the action. (Civ. Prac. Act, § 19; *Dodge* v. *Holbrook*, 107 Misc. 257; *Mack* v. *Mendels*, 249 N. Y. 356.) The claim of the widow and of Jacob Klein is, therefore, allowed in the aggregate sum of $3,025.

Because of the absence of proper proofs, the additional claim, under the Iowa statutes, for support subsequent to the death of the decedent will not be entertained in this proceeding. It may be asserted in the appropriate domiciliary court.

Submit decree on notice directing the payment of such claim and settling the account accordingly.