In the Matter of the Estate of HENRY NUTRIZIO, Deceased.

Surrogate's Court, New York County, July 2, 1931.

*Louis Hartmann,* for the administratrix.

*Thomas P. McLaughlin,* for objector Virgil Nutrizio.

*J. Harry Hull* [*Herbert J. Cuskley* of counsel], for objectors Elvera Nutrizio Adams and Clarese N. Harwood.

FOLEY, S.   The issues raised by the objections filed to the account and supplemental account are disposed of as follows:   (1) The item of $1,600 contained in Schedule C of the supplemental account is reduced to the sum of $373.50, and disallowed as to the balance of $1,226.50.   With this latter amount testatrix will, therefore, be surcharged.   (2) The items of $1,000, $2,000 and $11,830 in Schedule D of the supplemental account are disallowed.   (3) The administratrix will be surcharged with the sum of $80, the value of the coupons of the Republic of Chile bonds Nos. M11890 and M11899, due on or about February 8, 1929, which she received and for which she failed to account.   (4) The claim of the widow against the estate for reimbursement for moneys expended by her for her support during decedent's lifetime is disallowed.   It is alleged that the decedent abandoned the claimant in 1907.   Under an order of the Magistrate's Court obtained in that year he was compelled to pay the claimant ten dollars a week for a period of one year for the support of herself and her children.   There is no evidence, however, that the claimant made any further application to the Magistrate's Court or any other court for an order of support; nor that she made any other attempt from 1908 to the date of decedent's death in 1924 to compel the decedent to support her. Nor did she make any claim against him for reimbursement for moneys expended by her out of her own pocket for such support and maintenance.   It was only after his death that for the first time she asserted in this court her claim for such reimbursement. I hold that by her failure to assert her claim against her husband for over a period of sixteen years, the claimant relieved him from the duty of supporting and maintaining her, and waived her right to reimbursement for moneys which she herself expended for her support.   Ordinarily a wife may recover from a husband who has abandoned her the moneys she has expended out of her separate estate for her own support.   (*De Brauwere* v. *De Brauwere,* 203 N. Y. 460.)   But where, as here, she failed to enforce her rights or to make any attempt to do so whatsoever, she must be held to have waived the obligation on his part to support her, and her claim must be disallowed.   As stated by Mr. Justice LAUGHLIN in *Krotosky* v. *Krotosky* (169 App. Div. 850, 856): " I am of opinion, therefore, that an action may be maintained by a married woman who for just cause has left her husband and is living separate and

apart from him, to recover from him or his estate moneys expended for necessaries for the support of herself and infant children. I think, however, that it should be held to be essential to a recovery in such an action that the plaintiff establish by clear and satisfactory evidence that she was justified in departing from the home provided by her husband, *and that the circumstances were such that she had not relieved him of his duty to support and maintain her, and that in using her own funds or income for necessaries she had not waived her right to be reimbursed therefor."* (Italics mine.) (5) The administratrix will be surcharged with the difference between the amount she has paid herself out of the estate, as set forth in Schedule F of the supplemental account, to wit, $8,614.36, and the amount of the distributive share to which she will be entitled upon the settlement of this account when corrected to comply with the decision herein.

Submit decree settling the account and surcharging the administratrix in accordance herewith.