In the Matter of the Estate of MAX LEVINE, Deceased.

Surrogate's Court, New York County, August 10, 1932.

*Sigmund J. Rome*, for the executor, proponent.

*Michael Gottesman*, for the objectants.

FOLEY, S. The claims of Theodore Silverstein, Louis Levine and Harry Rappoport are disallowed. Reimbursement was sought by them for moneys advanced to the widow of the decedent for her support and for the purchase of necessaries covering a period from approximately the month of April, 1926, to the date of the decedent's death on July 4, 1930. The contention of the claimants was based upon the rule stated in *De Brauwere* v. *De Brauwere* (203 N. Y. 460, at p. 463), that where a person has advanced money to a wife deserted by her husband for the purchase of necessaries and the money has been so applied he can maintain a suit in equity against the husband for the advancements. (See, also, *Laumeier* v. *Laumeier*, 237 N. Y. 357.) After the death of the husband recovery may be had against his estate. (*Matter of Reich*, 138 Misc. 823.) There does not appear to be any dispute in the pending proceeding that the husband abandoned the wife. Application was made by her in the Domestic Relations Court in this city to compel him to support her, and an appropriate order was made about the year

1923 requiring him to pay a sum weekly to her for that purpose. The payments appear to have been made by him with regularity up to September, 1926, when they were discontinued. Apparently no attempt was made by her to enforce the failure to pay by him and the inference follows from the testimony that the cessation was by arrangement between the husband and wife. There is evidence in the case that he had offered to bring her back to his home and to there support her. In any event she refused, preferring to live apart. There is also evidence that his case was referred to a Jewish welfare society for investigation and that their offers may have resulted in an agreement of the parties not to enforce the order for the support of the wife. The situation, therefore, of a voluntary surrender of the rights by the wife and an acquiescence by her in a separation is presented.

The facts here are very similar to those in *Krotosky* v. *Krotosky* (169 App. Div. 850) and *Matter of Nutrizio* (145 Misc. 626). Mr. Justice LAUGHLIN in the *Krotosky* case pointed out that the rule which permits a married woman to recover from her husband or his estate moneys expended for necessaries, was subject to the exception that the right of recovery may be waived where the circumstances are such that she has relieved him of his duty to support and maintain her, and that in using her own funds or income she had waived her right to be reimbursed. Where the wife herself has relinquished her right to claim for support, the right of persons to recover against the husband or his estate for moneys advanced to her is similarly lost. The evidence in the present case is very unsatisfactory as to the exact amounts advanced by the claimants. One of the claimants is a son of the decedent. The other two are sons-in-law. The evidence seems to clearly indicate that the moneys advanced by them, for which reimbursement is sought here, were advanced as the result of a proceeding brought against the children by their mother in the Domestic Relations Court to compel them to contribute to her support. But whether these payments were compulsory or voluntary, they cannot be made the basis of a recovery as against the estate under the situation which existed between the decedent and his wife and because of my conclusion that the wife had waived her right to look for maintenance from the husband.

Submit decree on notice accordingly settling the account and disallowing the claims.