MANUFACTURERS TRUST COMPANY, as Substituted Committee of the Estate of MARTHA GOMER GRAY, an Incompetent Person, Appellant, *v.* ROBERT L. GRAY, Respondent.

Second Department, June 25, 1937.

*Alexander U. Zinke* [*Charles W. Silver* with him on the brief], for the appellant.

*Harold M. Kennedy*, for the respondent.

PER CURIAM. There are two causes of action. The first alleges that in 1924 defendant abandoned his wife, Martha Gomer Gray, without justification, and that thereafter they lived separate and apart; that between the date of separation and September, 1927, the wife expended $15,738.37 out of her own estate for her support and maintenance; that in September, 1927, she was adjudged an incompetent person; and that said sum is due and owing from defendant to the substituted committee.

The second cause of action alleges that on September 30, 1927, Martha Gomer Gray, pursuant to an order bearing that date, as subsequently resettled, was an inmate of the Central Islip State Hospital at Central Islip, Long Island; and that between that date and the commencement of the action the substituted committee and its predecessor have expended, out of her estate, for her support and maintenance the sum of $8,983.08. Judgment is demanded in the sum of $24,721.45, being the aggregate of the two amounts, with interest and costs.

The jury found a verdict in favor of the defendant on both causes of action, and judgment dismissing the complaint was entered. Plaintiff appeals.

Under the first cause of action, the real issue was whether the wife had waived her claim. While a married woman may compel restitution by her husband of moneys expended for her support out of her separate estate (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460), she may by her conduct waive any claim to reimbursement (*Third Nat. Bank of Buffalo* v. *Guenther*, 123 N. Y. 568; *Pierce* v. *Pierce*, 9 Hun, 50; affd., 71 N. Y. 154; *Krotosky* v. *Krotosky*, 169 App. Div. 850.) This issue was properly left to the jury, and in our opinion it was correctly decided. The question of abandonment was material only because it was one of the circumstances to be

considered in determining the issue of waiver. On the evidence, the jury could have found that the defendant had not abandoned his wife. (*Williams* v. *Williams*, 130 N. Y. 193.) But even if they had found otherwise, they could still have concluded that the wife had waived her claim to reimbursement. (*Krotosky* v. *Krotosky*, *supra*.) The judgment as to the first cause of action should, therefore, be affirmed.

The second cause of action presented a different issue. The wife, being incompetent, could not waive her rights; nor could they be waived by the committee. (*Matter of Hills*, 264 N. Y. 349.) The husband was liable for his wife's support from the time when she was adjudged incompetent until the commencement of this action, because during that period he possessed sufficient financial ability, and the circumstances do not indicate that it would be inequitable to compel him to furnish support. (*Matter of Fox*, 250 App. Div. 31.) The facts were not in dispute, and the trial court should have granted the plaintiff's motion for a directed verdict on this cause of action for the payments made to the Central Islip Hospital from October, 1927, to December, 1933, inclusive, amounting to $7,500, and for the sum of $222.32, expended for clothing and miscellaneous expenses of the incompetent. The payments aggregating $1,092.30, for storage of the incompetent's personal property, are not properly chargeable to the defendant.

The judgment dismissing the complaint, in so far as it concerns the first cause of action, should be affirmed, without costs.

In so far as it concerns the second cause of action, the judgment should be reversed on the law, without costs, plaintiff's motion for a directed verdict granted as to that cause of action, and judgment directed for the plaintiff and against the defendant in the sum of $7,722.32, with interest and costs. The appeal from the order denying plaintiff's motion to set aside the verdict and for a new trial should be dismissed.

HAGARTY, DAVIS, JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment dismissing complaint, in so far as it concerns the first cause of action, unanimously affirmed, without costs. In so far as it concerns the second cause of action, the judgment is reversed on the law, without costs, plaintiff's motion for a directed verdict granted as to that cause of action, and judgment directed for the plaintiff against the defendant in the sum of $7,722.32, with interest and costs. Appeal from order denying plaintiff's motion to set aside the verdict and for a new trial dismissed.