MARGARET W. MEANY, Respondent, v. SHANNON LORD MEANY, Appellant.— In an action at law by a wife to recover from her husband for moneys expended and expenses incurred for necessaries for herself and son, plaintiff recovered a verdict of $25,000. Judgment reversed on the facts and a new trial granted, costs to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce the amount of the verdict to $12,000, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the verdict is excessive. The damages, the value of necessaries, are measured by a man's property and by his pecuniary ability honestly exercised. (*DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

VIVIAN M. MOSES, Appellant, v. EUGENE H. SICKEL, Respondent.— Action for damages for personal injuries as a consequence of the plaintiff, a pedestrian, being struck by an automobile owned and operated by the defendant. Amended order granting defendant's motion to dismiss the first cause of action as insufficient in law affirmed, with ten dollars costs and disbursements. Appeal from order dated April 11, 1939, dismissed. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

NEW DORP COAL CORPORATION, Respondent, v. IRVING FRANKEL and Others, Defendants, and SIDNEY RAIKEN, SAMUEL RAIKEN, ISAAC BALSAM and MORRIS SHAPIRO, Appellants.— Order granting plaintiff's motion for summary judgment and judgment entered thereon, and order on reargument adhering to the original decision, modified by striking out the provisions for the amounts for which judgment is directed against the appellants and for the issuance of execution thereon, and substituting in lieu thereof a provision for judgment in favor of the plaintiff and against each of the appellants in the sum of $5,000, with interest thereon computed from the date of the commencement of the action, together with costs and disbursements, and for the issuance of execution thereon; and, as so modified, the orders and judgment are unanimously affirmed, without costs. Under the contract of guaranty the liability of each appellant was limited to $5,000. After the default upon the bonds, their obligation to pay accrued upon plaintiff's demand that they make payment of this sum pursuant to the guaranty. On this record it does not appear that any such demand was made upon appellants under their guaranty until the commencement of this action. On the contrary, it appears that the only demands which were made were upon the U. H. C. Holding Corporation and its officers to make the overdue payments on the corporation's bonds. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. Settle order on notice.