OPINION OF THE COURT
Alan LeVine, J.
This is an action by Joan Hafner to recover necessaries from the estate of her deceased husband, Charles Hafner.
This matter appeared on the nonjury Trial Calendar at I.A. Part 7 and upon stipulation between the attorneys for the respective parties, the action was submitted to the court on the following agreed statement of facts: Joan and Charles Hafner were married on June 12, 1954 in New York and resided in College Point, New York. The couple’s first child, Catherine, was born on December 25, 1955. In early 1956, Joan became pregnant with their second child and in April or May 1956, Charles left Joan without warning and without leaving a forwarding address. The couple’s second child, Lillian, was born on November 18, 1956. Joan and Charles were briefly reunited in early 1957 and Joan became pregnant for a third time. Charles left Joan for the last time in February 1957. The couple’s third child, Dorothy, was born on November 16, 1957.
In 1956 Joan filed support proceedings against Charles in New York Family Court and obtained a $12 a week child support order. In 1958 Joan obtained a second child support order for $20 per week. Charles made four support payments in 1958 and made no other contributions towards the support of Joan and their children during his lifetime. Joan last saw Charles in 1958 when he appeared in the Family Court pursuant to a warrant. Joan thereafter learned that Charles had moved to California. From 1958 until his death in 1982, Joan and Charles never saw or communicated with each other. Although Joan knew that Charles was in California, she was unaware of his exact whereabouts.
In 1956 Joan moved in with her parents and accepted limited support for herself and her children in 1956 and 1957. Joan was employed during the period of her marriage, except for brief intervals when she gave birth to each of her three children. Joan never sought a divorce from Charles and their marriage was in full force and effect at the time of Charles’ death on December 25, 1982.
*944 In 1962 Charles met Helen Pomeroy, who was then separated from her second husband, Elden Pomeroy. Charles told Helen that he had divorced his wife Joan in New York, that he had given up an interest in a house in lieu of child support and that all records of the divorce had been destroyed in a fire in New York. Helen believed these representations to be true and relied upon them. In 1962 Charles and Helen went to Tijuana, Mexico, where Helen obtained a divorce and married Charles. Helen and Charles, thereafter, lived as husband and wife. On June 21, 1963 Elden Pomeroy was killed in an accident. Helen, thereafter, consulted an attorney and learned that the Mexican divorce was invalid in California. On October 14, 1963 Charles and Helen were married again in Las Vegas, Nevada, and thereafter lived in the Los Angeles area where they held themselves out as husband and wife. Helen and Charles had one daughter, Kimberly, who was born on December 10, 1964.
On September 27, 1973 Charles was seriously injured in an automobile accident and sustained permanent physical injuries and brain damage, rendering him incapable of employment. Following a nine-month recovery period, Charles commenced a personal injury action which was settled in 1975 for $900,000. After the payment of attorney’s fees and expenses, Charles retained $600,000 which was placed in a conservator-ship administered by Helen and her counsel, Charles Welden, under court supervision.
Charles died intestate on December 25, 1982 leaving an estate appraised at $416,472.40 all of which consisted of the remainder of the personal injury settlement. Joan, upon learning of Charles’ death, filed a petition for letters of administration on February 14, 1983 with the court in California. Helen had filed a similar petition on January 1, 1983. By stipulation, the competing petitions were taken off the calendar and the court appointed Security Pacific National Bank, defendant herein, as the administrator of Charles’ estate. The conservatorship assets were transferred to the administrator. The California Court of Appeal determined that one half of the estate should be awarded to Helen, the putative spouse, as quasi-marital property and that the remaining half be awarded to Joan and the decedent’s four children. (See, Estate of Hafner, 184 Cal App 3d 1371, 229 Cal Rptr 676.) The decision of the California Court of Appeal was affirmed on appeal by the Supreme Court of California (— Cal 3d —, — Cal Rptr —).
*945 Joan commenced the within action on October 15, 1983 and now seeks to recover expenditures made for necessaries for herself and for her three children from 1957 until December 25, 1982.
Defendant asserts that plaintiffs claim for expenditures prior to December 25, 1976 is barred by the Statute of Limitations, that her entire claim is barred by loches and waiver and that based on the California court’s ruling, all claims for necessaries incurred after 1961 are barred by the doctrines of collateral estoppel and full faith and credit. Defendant also asserts that plaintiffs action for necessaries violates the Constitution’s Equal Protection Clause and therefore are no longer obtainable in this State.
Plaintiff, in opposition, asserts that this action was timely commenced and that her husband’s absence from the State tolled the Statute of Limitations. Plaintiff also asserts that she is not collaterally estopped from seeking to recover for necessaries and that her claim is not barred by loches and waiver. Finally, plaintiff asserts that the doctrine of necessaries should be interpreted as gender-neutral and, therefore, does not violate the Equal Protection Clause.
The common-law action for necessaries based upon a marital obligation arising out of an implied contract is governed by the six-year Statute of Limitations set forth in CPLR 213. The period of limitations must be computed from the time the cause of action accrued and therefore as the death toll set forth in CPLR 210 (b) is applicable here, recovery for expenditures made prior to December 25, 1976 is barred, unless as plaintiff claims, the Statute of Limitations was tolled due to decedent’s absence from the State and that jurisdiction over him could not be obtained. (Haimes v Schonwit, 268 App Div 652, rearg denied 269 App Div 667, affd 295 NY 577; CPLR 207.) The Court of Appeals, in Yarusso v Arbotowicz (41 NY2d 516) has held that: "when statutory authorization exists for obtaining personal jurisdiction by some manner other than personal delivery of the summons within the State * * * the Statute of Limitations is not tolled under CPLR 207 by defendant’s absence from the State, even though plaintiff may in fact be unsuccessful in obtaining jurisdiction by the manner so provided.”
In the case at bar defendant asserts that the decedent, Charles Hafner, was subject to personal jurisdiction in this State, during his lifetime, pursuant to CPLR 302 (a) (1); (b) *946 and the Uniform Support of Dependents Law (Domestic Relations Law §§ 30-43) and therefore the tolling provisions of CPLR 207 are unavailable. Defendant’s assertions are without merit. First, long-arm jurisdiction pursuant to CPLR 302 (a) (1) was not available to the plaintiff as Charles did not "transact * * * any business” in New York. Defendant’s reliance on Strasser, Spiegelman, Fried & Frank v Schlesinger (53 Misc 2d 78, affd 28 A D2d 828) and Abbate v Abbate (82 AD2d 368) is misplaced. The basis of jurisdiction in those cases was the husband’s hiring of an attorney who negotiated a separation agreement between the parties in New York. In the case at bar, however, it is undisputed that Joan and Charles never negotiated or entered into a separation agreement. The mere fact that plaintiff now seeks to recover for necessaries based on an implied promise to pay does not serve as a basis for jurisdiction, as Charles did not commit a purposeful act within this State which would constitute a "business transaction”. (Inkelas v Inkelas, 58 Misc 2d 340.)
Second, long-arm jurisdiction pursuant to CPLR 302 (b) was equally unavailable to the plaintiff in an action to recover necessaries. CPLR 302 (b) provides that long-arm jurisdiction may be obtained only in "[a] matrimonial action or family court proceeding”. An action for necessaries, while based upon a spouse and parent’s duty of support, is neither a matrimonial action nor a Family Court proceeding. Rather, this common-law action is primarily a creditor’s remedy, which a spouse may enforce in his or her own name where the spouse has actually paid for the necessaries. (Goldman v Goldman, 132 Misc 2d 870; Gristede Bros. v Leeds, 97 Misc 2d 804; see also, De Brauwere v De Brauwere, 203 NY 460.)
Finally, plaintiff, in an action to recover necessaries, could not have obtained jurisdiction over Charles pursuant to the provisions of the Uniform Support of Dependents Law (hereinafter USDL). The purpose of the USDL is to "secure support in civil proceedings for dependent spouses and children”. (Domestic Relations Law § 30.) Moreover, although the USDL provides an independent source of jurisdiction over a nonresident respondent, its stated purpose is "to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter”. (Domestic Relations Law § 41 [1].) Thus, the statute was intended to enlarge the remedies of dependents and not to diminish them. However, the USDL does not *947 serve as a basis for jurisdiction in a common-law action to recover necessaries and cannot be used to defeat a dependent’s common-law remedies. Furthermore, the fact that plaintiff obtained support orders in 1956 and 1958 pursuant to a USDL proceeding which the decedent ignored does not in any way impair her right to bring an independent common-law action for necessaries.
The court, therefore, finds that plaintiff’s action for necessaries incurred between December 25, 1976 and December 25, 1982 is timely. Furthermore, as to expenditures made prior to December 25, 1976, the Statute of Limitations was tolled, as the decedent Charles Hafner was undisputedly absent from the State and no alternative means of process existed which could have been used to obtain jurisdiction over him in an action to recover necessaries.
Plaintiff, however, has failed to establish that she is entitled to recover for expenditures for necessaries expended from 1958 to December 25, 1982. It has long been the rule in this State that a wife who has made expenditures from her own estate for the support and maintenance of herself and her children may seek reimbursement from her husband for such expenditures only where he had promised such reimbursement expressly or by implication of fact or law. (Manufacturers Trust Co. v Gray, 278 NY 380; Matter of Rubin, 37 Misc 2d 584; 47 NY Jur 2d, Domestic Relations, § 713.) In the case at bar, there was no such express promise to pay made by the decedent. Defendant asserts that after 1960 plaintiff had no expectation of being reimbursed by her husband, that this was conclusively determined by the court in the California action and, therefore, plaintiff is precluded from relitigating this issue pursuant to the doctrine of collateral estoppel. Defendant also asserts that this court is constitutionally obligated to afford the California decision full faith and credit.
The Full Faith and Credit Clause of the US Constitution requires the courts of each State to give to the judgments of other States the same conclusive effect between the parties as such judgments are given in the States in which they are rendered. (Schultz v Boy Scouts, 65 NY2d 189; Matter of Farmland Dairies v Barber, 65 NY2d 51.) In California, collateral estoppel is applied where "(1) the issue necessarily decided in the previous suit is identical to the issue sought to be relitigated; (2) there was a final judgment on the merits of the previous suit; and (3) the party against whom the plea is asserted was a party, or in privity with a party, to the *948 previous suit.” (Producers Dairy Delivery Co. v Sentry Ins. Co., 41 Cal 3d 903, 910, 718 P2d 920, 923.)
This court, therefore, must afford full faith and credit to the judgment of the California Court of Appeal, filed on March 2, 1984, which determined the rights of the decedent’s legal wife, Joan Hafner, the putative wife, Helen Hafner, and the decedent’s four children to share in the decedent’s estate. However, as the California Court of Appeal only found that "[beginning in 1961, and continuously thereafter, Joan considered her marriage to Charles for all practicable purposes to have ended and that they would never reconcile or even see each other again,” (Estate of Hafner, 184 Cal App 3d 1371, 229 Cal Rptr 676, 678, supra) and made no findings as to Joan’s expectation of reimbursement, plaintiff is not precluded from litigating this issue. Collateral estoppel is not applicable to the findings and determinations of the California trial court as regards Joan’s expectations, as that decision was not final and, in fact, was reversed by the California Court of Appeal.
Plaintiff, however, neither alleges, nor has submitted any evidence which established that she had a reasonable expectation that her husband would reimburse her for expenditures made for the support of herself and their children between 1958 and December 25, 1982. Plaintiff was employed at all times during her marriage, except for brief intervals when she gave birth, and a two-week period during which she collected unemployment insurance and, therefore, has not demonstrated that she otherwise would have been without support and was compelled to discharge her husband’s obligation. Plaintiff made no attempt to assert a claim against her husband during his lifetime for necessaries. The fact that plaintiff in 1956 and 1958 sought to enforce her statutory right of support orders does not overcome the waiver of her common-law right to necessaries, and is not evidence of an expectation of reimbursement. Therefore, in the absence of any proof that plaintiff used her own money for the support of herself and her children with the reasonable expectation that her husband would repay it, or that she was compelled to discharge his obligation because otherwise she would have been without support, no finding of a promise implied in law or fact is permissible. Furthermore, where, as here, a wife waits until her husband’s death and failed to enforce her common-law rights or make any attempt to do so in the 24 years since her husband abandoned her, plaintiff must be held to have waived her husband’s common-law obligations. (Manu *949 facturers Trust Co. v Gray, supra; Matter of Nutrizio, 145 Misc 626.)
In view of the foregoing, it is clear that plaintiff is unable to prove the material elements of her cause of action for necessaries and, therefore, the court need not reach the constitutional questions raised by the defendant herein. Plaintiff’s complaint is dismissed and judgment is to be entered in favor of the defendant.