CHRISTINA DE B. PATINO, Plaintiff, *v.* ANTENOR PATINO, Defendant.

Supreme Court, Trial Term, New York County, July 11, 1949.

*J. Harlin O'Connell* for plaintiff.

*William L. Lynch* for defendant.

LEVY, J.  Plaintiff sues her husband to recover moneys alleged to have been expended out of her own separate property and estate for the support, education and maintenance of herself and the two daughters of the parties since June 1, 1945, during which period defendant has contributed nothing to the support, education and maintenance of plaintiff or the daughters except $1,476.68 on account of the expenses of a surgical operation performed on one of them.  The amount demanded in the complaint is $137,500.  At the trial plaintiff's claim was enlarged to cover

the period from March 1, 1948, to March 31, 1949, making the total amount claimed at the time of trial $191,666.66, with interest.

The arguments raise the distinction between an action to fix and recover support and maintenance and one to recover moneys expended out of the wife's estate for necessaries for the support of herself and children. Defendant insists this is an action of the former type. A suit to fix and recover support and maintenance as such is not maintainable except as incident to a matrimonial action or upon a separation agreement which fixed the obligation.

This action is upon contract and it provides: "The Husband agrees that as soon as practicable after the execution and delivery of this agreement he will provide a home for the Wife and their two children and that from and after the date hereof he will support and maintain the Wife and support, educate and maintain their two children in the style to which they have been accustomed, and in accordance with the Husband's means and station in life. The Wife, however, shall, out of her own property and estate, be required to pay for all items that are purely personal to her such as clothing, jewelry, etc."

The complaint alleged: "10. That the sum of $30,000.00 per annum represents the fair and reasonable cost of the support and maintenance of plaintiff in the style to which she has been accustomed and in accordance with defendant's means and station in life.

"11. That the sum of $20,000.00 per annum represents the fair and reasonable cost of the support, education and maintenance of the two daughters of plaintiff and defendant in the style to which they have been accustomed and in accordance with defendant's means and station in life." The allegations of those paragraphs are admitted.

The question is, therefore, fairly raised whether the contract did not, in fact, simply impose upon defendant the obligation to supply necessaries, an obligation already imposed by law upon him, and whether in the state of the pleadings the expenditures must be considered to have been made for necessaries within the doctrine of *De Brauwere* v. *De Brauwere* (203 N. Y. 460). The opinion there stated (pp. 464–465): "The obligation of the husband to provide his wife and children with the necessaries of life suitable to their condition is to be measured with reference to his pecuniary ability, honestly exercised, or his pecuniary resources; that is to say, those things might properly be deemed

necessaries in the family of a man of generous income or ample fortune which would not be required in the family of a man whose earnings were small and who had saved nothing. The husband is bound to provide for his wife and children ' whatever is necessary for their suitable clothing and maintenance, according to *his* and their situation and condition in life. ' (*Keller* v. *Phillips*, 39 N. Y. 351, 354.) The husband's pecuniary ability, therefore, may be an element to be considered upon the trial of the action if any question is raised as to the character of the expenditures for which the wife seeks reimbursement.''

The contract did not provide merely for support and maintenance but for that which is suitable according to station in life and means. Necessity is the ultimate prerequisite to base recovery here, but it is to its criteria we must look to determine whether necessity has been alleged and proved. That which is necessary is that which is suitable according to station and condition in life. What is suitable is measured by pecuniary ability. Such ability is in issue if the character of the expenditure is in issue. Plaintiff alleged she made the expenditures within the style and station of her life and defendant's means and station; and this is admitted. The court, therefore, concludes that the defendant has, in fact, admitted that what the complaint seeks to recover are expenditures made by plaintiff for necessaries as judged by legal criteria.

The court accordingly determines the action is maintainable and is sustained by the proof. It is likewise found that the defenses are insufficient. Judgment is directed in favor of the plaintiff. Findings of fact and conclusions of law have been waived.

The foregoing constitutes the decision of the court and the clerk is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $191,666.66, with appropriate interest.