S. Samuel Di Falco, S.
The deceased and his wife were owners as tenants by the entirety of property located in Newport, Rhode Island. Subsequent to the date of the death of the testator his widow, here accounting as a coexecutrix, paid from her own funds the sum of $1,003.24 to the receiver of taxes for the Town of Newport, Rhode Island, to defray an installment of real estate taxes on the property which had become due prior to the date of her husband’s death. The special guardian for infants interested in the estate has filed objections to the allowance of the claim asserted by the widow for reimbursement of the moneys expended by her for this purpose. The objections are overruled. The obligation for payment of the taxes even though the property was owned jointly by the deceased and the claimant fell upon the husband as a matter of law (Matter of Wickings, 162 Misc. 357; Patino v. Patino, 195 Misc. 887, affd. 278 App. Div. 756, affd. 303 N. Y. 999). He had as well recognized and discharged the obligation regularly and as a matter of course during his lifetime.
Section 250 of the Real Property Law has no application to the facts of the case at bar for it deals with property which passes from the original owner by intestacy or devise. That is not the case here where the property devolved upon the surviving joint tenant by operation of law. By discharging the obligation for the payment of real estate taxes which were owned by her husband’s estate, the widow acquired the right to reimbursement and her claim is accordingly allowed.
Submit decree on notice settling the account.